# Supreme Court Decisions.

### LIABILITY OF SURETY ON BOND OF ADMINISTRATOR.

#### SMITH v. RHODES AND WILT.

Decided, June 16, 1903—68 Ohio State, p. 500.

*Expense Account of Administrator Filed in Probate Court—Amount Due Attorney for Services—Approved and Ordered Paid by Court— Failure to Pay is Breach of Duty—Making Administrator's Bond Liable—No Defense by Surety that Creditors Except to Final Account of Administrator.*

1. Where the administrator of an estate is required by the probate court to file an account of the expenses of his administration, preparatory to his stating a final account, and does so, which expense account includes an amount due his attorney for services rendered in the settlement of the estate and for necessary expenses paid by him in discharge of his duties as such attorney, and said account, on hearing by that court, is approved and allowed, and the administrator is ordered by the court to pay to said attorney the sum so found due him out of the assets of the estate in his hands for distribution, a failure to comply with such order is a breach of the administration bond, for which the surety therein is liable. *Thomas, Admx.,* v. *Moore,* 52 Ohio St., 200, distinguished.

2. It is no defense to the action on the administration bond for the surety to plead and prove, that exceptions to the account of the administrator, filed by a creditor of the estate, had been withdrawn by him in consideration of the part payment of his claim by the administrator.

Error to the Circuit Court of Sandusky County.

On February 13, A. D. 1875, George F. Wilt, one of the defendants in error, was appointed administrator of the estate of his father, Harrison Wilt, deceased, which appointment was accepted

493

and letters of administration were duly issued. The administrator gave bond, which was approved, in the sum of $4,000, conditioned according to law, with J. F. Smith, plaintiff in error, as one of his sureties. Having so qualified he entered upon the duties of his trust.

One of the provisions of said bond is:

"Fourth. Shall pay any balance remaining in his hands upon the settlement of his accounts to such persons as said court or the law shall direct."

The estate became involved in protracted litigation in the federal courts, in which J. H. Rhodes, defendant in error, was employed as attorney for the administrator, and he acted in that capacity in that litigation, and also rendered such other legal services as were desired by the administrator.

In August, 1880, the administrator filed an account, which showed assets in his hands amounting to $1,223.85. This account was approved. On May 3, 1897, the probate court ordered the administrator to "file forthwith an account of all expenses of administration preparatory to filing an account of distribution on order of court."

On May 12, 1897, the administrator filed an account of the expenses of administration, being for the administrator personally, $782.50, and for his attorney, J. H. Rhodes, $527.25. These expenses were itemized, showing in detail the nature and amount of each item.

Mrs. E. K. Byrnes, one of the creditors of the estate, filed exceptions to the account of the administrator, which were afterwards withdrawn, and on October 11, 1897, the expense account was "approved and confirmed as presented and filed"; and the administrator was ordered to file his final settlement without delay, which was done on October 26, 1897. Due notice was given of the pendency of this account by publication, and after several continuances, the account came on for hearing on March 22, 1898. No exceptions were filed and the court made the following finding and order:

"In the matter of the estate of Harrison Wilt, deceased. March 22, 1898. Final account confirmed.

"Notice of the time for hearing and settlement of the final account of George F. Wilt, administrator of the estate of said Harrison Wilt, deceased, having been duly published according to law, and there being no exceptions thereto pending, it was this day examined, found correct, approved, allowed and confirmed by the court. And the court finds the sum of $1,223.85 in the hands of said administrator belonging to said estate, and that there is due to J. H. Rhodes for attorney's fees and moneys advanced to pay necessary expenses for said estate the sum of $527.25, as heretofore found by the court on the hearing of the expense account of said administrator.

"It is therefore ordered that of said sum of $1,223.85 so in his hands, said administrator pay the costs herein taxed at $7.50; to said J. H. Rhodes, said sum of $527.25, and that the balance in his hands, $688.70, is hereby allowed to him to apply on his bill of $782.50 as allowed him on the hearing of said expense account. And said administrator is ordered to report the vouchers for the payments and allowance hereinbefore ordered back to this court.

"SAMUEL BRINKERHOFF,
"*Probate Judge.*"

The administrator paid J. H. Rhodes, the attorney, the sum of $50, but failed to pay the balance found due him, and after demand upon the administrator, and upon the plaintiff in error as surety on the bond, for the balance, suit was brought in the court of common pleas upon the administrator's bond, in which breach of the bond was alleged in not complying with the foregoing order of the probate court.

The surety, now plaintiff in error, answered, admitting his suretyship on the bond and that said George F. Wilt became administrator, and denied each and every other allegation in the petition.

The answer of the administrator is similar, with the additional averment, that if the probate court made the order referred to, it was made without authority of law, and void.

The cause was tried to a jury, and the plaintiff in error excepted to the ruling of the court excluding testimony offered, and also to refusing him leave to amend his answer, during the progress of the trial so as to render competent the testimony excluded.

The jury found for the plaintiff, Rhodes, the amount of his claim, and the court refused a new trial and rendered judgment on the verdict.

The circuit court affirmed the judgment, and error is prosecuted in this court to obtain a reversal of the judgments of the lower courts.

*George H. Withey* and *Hunt & DeRan*, for plaintiff in error.

*S. S. Richards* and *J. H. Rhodes*, for defendants in error.

PRICE, J.; BURKET, C. J., SPEAR, DAVIS, SHAUCK and CREW, JJ., concur.

The parties to this proceeding submitted their controversy to a jury, and we assume that it was properly instructed by the court, inasmuch as the charge is not found in the printed record, nor is fault found with it in the brief for plaintiff in error.

Complaint is made that the trial court erred in excluding evidence offered by the defendants below, and also erred in not permitting them to amend their answers during the progress of the trial.

The action was against George F. Wilt, as principal, and the plaintiff in error, as his surety, on the administrator's bond. The record shows that in attempting to make out their defense to the action brought by Rhodes, the defendants propounded to the administrator, Wilt, certain questions to elicit from the witness what, if any, consideration was paid to any one to induce the withdrawal of the exceptions which had been filed to his account as to expenses of administration. The court permitted inquiries as to any amount which had been paid to plaintiff, Rhodes, but refused to admit testimony as to what, if anything, had been paid to the excepting creditor, or any one else. When the court sustained objections to such inquiries, no statement was made of what the expected proof would be, and as it occurred during the examination in chief, the ruling of the court is not reviewable in the absence of such statement. The rule requires a profert of the desired evidence, in order that a reviewing court can determine whether or not the action of the trial court was prejudicial.

However, if we may glean from the current of the examination what counsel for defendants desired, it would appear that such inquiries were properly shut out. The judgment and orders of the probate court could not be thus impeached. In that court the party excepting to the administrator's account had a right to with-

draw the exceptions at any time before final submission, and that was done, and at a later date the account was approved and settled. The administrator was well aware of what had been done, and it would seem that such withdrawal was entirely satisfactory to him, as it was his account that had been assailed. Several months intervened between the withdrawal of the exceptions and the final order. No other objections were made. The surety on the bond was not a party to that proceeding, and he had no right to be. He undertook to secure the performance of duties and obligations imposed on the administrator, and after the probate court had settled the account, to which no objection existed, we think the surety when sued upon the bond, can not inquire into the motives or consideration which led to the withdrawal of objections to the account.

These remarks dispose of the other complaint, that the defendants were not allowed to amend their answers. Counsel informed the trial court that they desired to so amend the answers as to make the excluded evidence competent; but no amended answer was tendered to the court to act upon, for we find none in the record. Stating what was desired as an amendment was not sufficient. However, if an amendment had been tendered, containing the averments orally disclosed to the court, they would have been irrelevant, and the tender of an immaterial issue as already stated.

It is also claimed that the plaintiff in error is not liable as surety on the bond of the administrator for the services rendered by Rhodes as attorney of such administrator, because they are not a debt against the estate, but against the administrator personally. Counsel for plaintiff in error state their position as follows:

"Can the surety on an administrator's bond be held liable to the attorney of the administrator for services performed for the administrator as such, or is the failure of the administrator to pay his attorney fee a breach of the conditions of the bond? We think not."

To support their decisions on the question as they put it, they cite *Thomas, Admx., v. Moore*, 52 Ohio St., 200. That was an action brought before a magistrate by Moore, as the surviving partner of the firm of McKnight & Moore, against Elizabeth J. Thomas, as administratrix, to recover for legal services rendered

her by that firm. The bill of particulars stated the services were performed at her request in various suits brought by and against her as such administratrix.

Judgment was obtained in the justice's court for the amount sued for, and the defendant gave notice of appeal, and filed a duly certified transcript, but gave no appeal bond. In the court of common pleas the appeal was dismissed for want of an appeal bond, the court holding the appeal was not in the interest of the trust she represented. This court, in reviewing and affirming the order of dismissal, laid down this rule:

"Executors and administrators are personally liable for the services of attorneys employed by them, but their contracts therefor do not bind the estate, although the services are rendered for the benefit of the estate, and are such as the executor or administrator may properly pay for, and receive credit for the expenditure in the settlement of his accounts."

That case is used to show that the administrator or executor may not be allowed in his settlement the full amount he has actually paid his attorneys, but only such amount as he shows was reasonable compensation for the services rendered. We think that case was correctly decided; but how does it relieve the surety in this case? It is true that Wilt, the administrator, had paid but a small part of the attorney's fees, but, as shown in the statement of this case, he was required by the probate court to file an account of the expenses of administration preparatory to the filing of his final account. This was done, and due notice by publication was given of the filing and pendency of the expense account, which was heard on a day to which its hearing had been adjourned. The itemized bill of Mr. Rhodes for attorney fees was before that court, and we must assume that sufficient legal proof of the nature and value of the services rendered was made. The court approved the account as to the expenses of the administrator and his attorney as separately stated. Then came the final account and order of distribution, wherein the administrator was ordered to pay out of the assets in his hands, the amount found due the attorney, and from the balance to pay his own expenses as allowed. The administrator paid Rhodes $50 and no more, and on refusal to pay as ordered by the probate court, the action was brought on his bond.

The probate court examined and approved the expense account in advance of its payments. That court had all the light on the facts that could have been shed, on an examination of the claim for reimbursement, had the administrator paid the attorney in advance, and taken credit for the same in his account. In this instance the attorney fees were examined and approved in advance of payment, and, on final account, ordered paid from the assets of the estate. The subject had been fully adjudicated and ended. We think the probate court had authority to do this. Section 6188 of Revised Statutes, after fixing the ordinary compensation for executors and administrators, provides that "in all cases such further allowance shall be made as the court shall consider just and reasonable for actual and necessary expenses, and for any extraordinary services not required of an executor or administrator in the common course of his duty." * * *

Section 6090 provides as to the order of paying debts that, "First, the funeral expenses, those of last sickness, and the expenses of administration."

Section 524 gives the probate court exclusive jurisdiction "to direct and control the conduct and to settle the accounts of executors and administrators, and to order the distribution of estates."

The administrator, Wilt, was ordered to make distribution, a part of which order was that he pay to Rhodes, the attorney, the sum of $527.25 before that time found by the court to be due him. This was an order which the court had power and was authorized to make, and it was binding upon the administrator and his sureties. A failure to comply with it was a breach of his bond for which the sureties are liable.

The bond involved provides, among other things, that the administrator "shall pay any balance remaining in his hands upon the settlement of his accounts to such person as said court or the law shall direct." The amount so found in his hands and the order to pay the same, in the absence of fraud and collusion, are conclusive not only upon the administrator but also upon his sureties, unless reversed on error or vacated by appeal.

As supporting our views in this case, see *Slagle* v. *Entrekin*, 44 Ohio St., 637; *Braiden* v. *Mercer*, 44 Ohio St., 339; *Foster, Admr.,* v. *Wise, Admr.,* 46 Ohio St., 20.

The judgment of the circuit court is free from error, and it is affirmed.

*Judgment affirmed.*