## MATZ v AMERICAN SURETY CO

### Ohio Appeals, 7th Dist, Monroe Co

#### Decided May 1, 1929

Messrs. Matz & Matz, Woodsfield, for Matz.

Messrs. Lynch & Sawyers, Woodsfield, for Amer. Surety Co.

when an attorney, who performed services for an executor, receipts for services and accepts the individual promissory note of the executor for the amount, and the account is afterwards approved, and the executor given credit for the payment of this attorney fee, the attorney can afterward recover this amount, the note not being paid, from the surety on the bond.

The character of the indebtedness of an attorney, who has rendered services to an executor or administrator in behalf of the settlement of the estate, has been fully determined by the Supreme Court. It is first the individual liability of the administrator or executor in the settlement, and not the liability, in the first instance, of the estate.

This is held in the case of **Thomas, Admr. v. Moore, 52 OS., 201.** Then, this question was further before the Supreme Court in the case of **Smith v. Rose, 68 OS., 500.** The executor is not given credit for the payment, and cannot receive credit until he has actually paid the amount, and taken the receipt of the attorney.

The Supreme Court in the case of Thomas, Admr. v. Moore, to which we have referred, in the opinion quoted from Woerner on Administration:-

(Here follows quotation)

In order to get credit for this claim or any other, the Code provides in **10830 GC** that the administrator must have a voucher showing the payment. There is no exception to this except as provided in **10831 GC**, the next section, which permits, under proper affidavit made, that sums not exceeding $10.00 may be allowed by the Probate Court without such a voucher so that before this executor could receive credit for the payment of this attorney fee, it must be allowed by the Probate Court, and then he must produce a voucher showing that it was paid. When that is done, the executor can introduce the voucher, and receive credit.

In the case of **Curtis v. National Bank, 39 OS., on page 579,** the Court goes further in disposing of a somewhat similar question.

In the case of **Braden v. Mercer, 44 OS. 339,** the surety on a guardian's bond sought to attack the finding of the Probate Court in the account of the guardian, and the Superme Court lays down the rule that the surety could not attack the finding of the Probate Court in the absence of fraud and collusion.

In the case of **Riggin et al. v. Creath, 60 OS. 114,** there were two executors, and for some reason, the distributee saw fit to take the individual check of one of the executors. This check was not paid, payment was refused. She sought then to hold the bondsmen liable.

The court holds that that could not be done.

But our attention is called to the fact that the mere acceptance of a note is not payment, and we are given as authority the cae of **American Fidelity Company v. Metropolitan Bank, 30 O. C. A., page 209.** This is a well known principle. The mere acceptance of a promissory note is not the payment of a claim unless it is taken with

**POLLOCK, J.**

The question in this case to be determined in regard to the $500.00 is whether

that intention, but that does not reach this case.

Plaintiff in this case accepted the promissory note of the executor and receipted the estate for the amount, knowing that it would be filed with the account and credit claimed and allowed, so that he was not only accepting the individual promissory note of the party, but he was saying that, so far as this estate was concerned, this claim was paid. We do not think the bond in this case is liable for this $500.00 claim.

We then come to the $25.00 claim that was asked for the making of the distributive account. Now, as the plaintiff said, there is some little inconsistency in this; he is first charged with having receipted for the one claim, and then, he is refused payment because he has not receipted for the other. But it is easily explained if you remember this case of **Thomas, Admr. v. Moore, 57 OS., 201.**

It is the individual liability of the executor, according to the next case in the **68 OS., page 500,** which we referred to, until it is allowed as a reasonable claim by the Probate Court, and that was not done in this case, and, until that is done, it is not a claim against the estate, so that the bondsmen are not liable for that claim.

This disposes of the question in this case, and the judgment below is affirmed.

Farr and Roberts, JJ, concur.