## WELLMEIER, ESTATE OF, In Re

Ohio Probate Court, Montgomery Co

Decided Feb 18, 1938

Henry H. Hollencamp, Dayton, for executor and executrix.

John G. Romer, Dayton, for exceptor.

## OPINION

By WISEMAN, J.

This cause comes on to be heard on a demurrer filed to the exceptions filed by John G. Romer, attorney, to the second and final account of the executor and executrix of said estate.

The record in this case shows that on December 23, 1937, the executor and executrix of said estate filed their second and final account, in which no credit was requested in the way of compensation to John G. Romer, attorney at law, who prior to that time had rendered legal services in the administration of said estate. On January 19, 1938, John G. Romer filed exceptions to the second and final account "for the reasons that the said account is not a true and correct statement of the acts and doings of said executor and executrix of said estate and that said account is incomplete because of said omissions. And, further, that this exceptor was engaged as counsel in the settlement of said estate; that he gave advice and rendered services in the settlement of said estate for which said services he has not been paid. Wherefore, said exceptor prays that a hearing will be had of said final account and that the court make such order as the facts and law requires."

The executor and executrix, through other counsel filed a general demurrer to the exceptions on the ground that John G. Romer had no legal authority to file exceptions to the second and final account and that the court was without jurisdiction to hear and determine the matter.

The issue raised in this case is one which vitally concerns every member of the bar and most especially those who represent any person acting in a fiduciary capacity. The lawyers generally fail to realize the nature of their employment by an administrator or executor in the settlement of an estate. The court finds no reported opinion wherein an issue has been raised as in the case at bar. There are reported opinions bearing upon the nature and character of the contract of employment wherein a lawyer renders legal services to a fiduciary and which the court is disposed to follow in determining the issues in the instant case. Since the matter is of such vital importance to members of the bar, and fiduciaries, in general, the court will review a number of the opinions bearing upon this legal proposition.

The leading case in Ohio is **Thomas, Admrx., etc. v Moore, etc., 52 Oh St 200,** (1894), the second part of the syllabi stating the legal principle involved is as follows:

"Executors and administrators are personally liable for the services of attorneys employed by them, but their contracts therefor do not bind the estate, although the services are rendered for the benefit of the estate, and are such as the executor or administrator may properly pay for, and receive credit for the expenditure in the settlement of his accounts."

The court in discussing the personal liability of the administrator, on page 204 say:

"But upon contracts made by the personal representative, though for services and expenses necessary in the due execution of his trust, he is individually liable, for he is without authority to bind the estate by his promise."

Again on page 205, the court say:

"While it is undoubtedly the right, and in most cases the duty of such representatives to employ counsel to advise and assist them in the performance of their official duties, it cannot be determined that the services rendered by the counsel, or their value, constitute a part of the fund in the hands of the representative, however important, and valuable those services may have been in collecting the assets, or resisting unjust claims against them. The law contemplates that the representative will himself pay the value of such services, and be reimbursed, by receiving credit for

the amount paid, in the settlement of his accounts."

Again on page 206, the court quotes from Woerner on Administration, §515, stating the rule to be as follows:

"The rule is, that the administrator can be allowed credit only for counsel fees which he has actually paid, and no more than is reasonable compensation for the services rendered to the estate, no matter what the administrator has actually paid or contracted to pay; and the burden is on him to prove the necessity and value of the services."

This case has been repeatedly cited with approval by the Supreme Court of Ohio, as well as by courts of inferior jurisdiction. In that case, the Supreme Court held to the proposition that the administrator was personally liable to the attorney for legal services rendered in the settlement of an estate and that until the administrator had paid the attorney he could not ask credit in his account and reimburse himself out of the estate assets. ·

In the case of **Smith v Rhodes and Wilt, 68 Oh St 500** (1903), the Supreme Court cited with approval the case of Thomas v Moore, and held that the Probate Court may approve, in advance of payment and prior to the time of filing the account, an allowance to the attorney for legal services rendered to the administrator. The court quotes from the opinion on page 508 as follows:

"The Probate Court examined and approved the expense account in advance of its payment. That court had all the light on the facts, that could have been shed, on an examination of a claim for reimbursement, had the administrator paid the attorney in advance, and taken credit for the same in his account. In this instance the attorney fees were examined and approved in advance of payment, and on final account, ordered paid from the assets of the estate. The subject had been fully adjudicated and ended. We think the Probate Court had authority to do this."

The Supreme Court of Ohio in the Smith case has to some extent modified the principle of law which it announced in the Moore case in that the law now gives the authority to the Probate Court to hear and determine the matter as to the allowance of counsel fees for legal services rendered to

the administrator in advance of payment. However, in these two cases the administrator brought the question of the allowance of counsel fees before the court. In the case at bar, the executor and executrix have not sought the judgment of the Probate Court as to the allowance of counsel fees for legal services rendered by John G. Romer to them in the administration of said estate.

Inasmuch as it has been held that the administrator is personally liable for legal services rendered to him while he is acting in a fiduciary capacity, and that the estate assets can only be subjected to the payment of such a claim when the administrator requests that he be allowed a credit in his account, and that he be reimbursed to that extent out of the estate assets, the question arises in the case at bar as to whether or not John G. Romer, counsel for the executor and executrix may in the first instance bring the matter to the attention of the court by filing exceptions to the second and final account of the executor and executrix in which no attempt is made by the executor and executrix to receive a credit or claim reimbursement.

The Supreme Court of Ohio, in the Moore case and, also, in the Smith case, held that the contract of employment for legal services in such a situation imposes a personal liability on the administrator. This court is of the opinion that this personal liability can be removed only to the extent that said administrator shifts the responsibility to the estate by voluntarily requesting that he be allowed to take credit in his account and that he be reimbursed under the order of the Probate Court for reasonable compensation, paid, or to be paid to his counsel for legal services rendered. This court is of the opinion that the personal liability of the administrator remains at all times a personal liability, and is discharged only to the extent that counsel has received compensation out of the assets of the estate. There are cases wherein compensation to counsel for legal services rendered to the administrator would be far in excess of the amount which the Probate Court would find to be reasonable compensation as a proper charge against the estate assets. In such cases counsel still has his remedy against the administrator on his personal obligation for the balance of his claim for compensation. In other words, except where an equitable lien is claimed, counsel who has rendered legal services to

an administrator is not permitted to proceed directly against the estate either by civil action or by filing exceptions to an account of said administrator. His remedy is to proceed directly against the administrator in his personal capacity.

The Supreme Court in the case of **Trumpler v Royer, 95 Oh St 194 (1917)**, used language which gave rise to some uncertainty. More than the ordinary examination of an opinion is required to remove the uncertainty which arose. The court, in that case, on page 201 say:

In the present case there devolved on the Probate Court the duty of determining matters affecting the status of the estate of Emma R. Slusser, deceased, and of legally distributing it. As shown, the attorneys were not entitled to bring suit at law against the administrator as such to recover for their services. An administrator is the instrumentality selected and appointed by the Probate Court for the settlement of the estate in accordance with the law and under the orders of the court. And counsel who have rendered necessary professional services in connection with an estate in the control of the court, whether in connection with its settlement or in defense of a suit to contest a will should have the right to invoke the order of the court to determine all questions touching the service, after due and legal notice to all parties in interest. Otherwise an administrator by refusing to include in his settlement account an item for the payment of counsel could arbitrarily deprive them of opportunity to have their claim considered."

Again on page 202, the court say:

"We think it clear that the matter presented to the Probate Court by the defendant in error in this case was such a one as to constitute a proper item in the settlement account of the administrator."

In that case, the attorneys filed a petition in the Probate Court setting forth the fact that they had been retained as legal counsel to represent a former administrator; that they had rendered legal services in resisting the action to set aside a will; that the litigation was successfully terminated in behalf of said estate and the will was sustained; that they presented to the successor administrator a statement of their account for such services and asked that it be allowed, which the successor adminis-

trator declined and refused. The opinion of the court must be read in the light of the record. The statement of facts in the opinion of the Supreme Court does not disclose all facts in the record pertinent to the issue. The court, therefore, wishes to point out certain matters of record in that case which are found in the opinion, of the Court of Appeals reported in the case of **Royer v Trumpler, 7 Oh Ap 312, (1916)**, quoting from the opinion, beginning on page 314, as follows:

"We do not regard as very material the precise steps taken in the Probate Court to procure an adjudication of the question as to whether the claim should be allowed and added to the account of the administrator. **The account as filed, stated in substance, that the administrator was not advised as to its validity and for that reason rejected the same, and his statement naturally suggested to the Probate Court the necessity of a determination as to whether the claim was valid and whether it should or should not be paid and entered in the account."**

It will be observed that the successor administrator, in his account brought the matter of the validity of the claim to the attention of the Probate Court, and thereby, submitted the determination of this issue to the court. Therefore, this court is of the opinion that the case of Trumpler v Royer, decided by the Supreme Court, is no authority for the proposition that counsel can on his own initiative bring the matter to the attention of the Probate Court, for the reason that his claim is not a claim against the estate but in the first instance is a personal claim against the administrator. The administrator may bring the matter before the Probate Court for determination but counsel is powerless to do so.

The court wishes to cite the case of **Union Savings Bank & Trust Co. v Alter, 17 Oh Ap 29 (1922)**, in which the court dismissed an application of counsel for allowance of fees for legal services rendered in a suit to construe a will and reverse the judgment of the Common Pleas Court and the Probate Court, allowing counsel fees. On page 31, the court say:

"Such attorney fee is a personal obligation of the executor or administrator until so allowed by the court."

And again on page 33, the court say:
"The Probate Court was without jurisdiction in the premises, and the judgments

of the Common Pleas Court and Probate Court will be reversed and the proceedings dismissed."

Finally, the court wishes to cite the case of Matz v American Surety Company, 7 Abs 540 (1929), which was a case decided by the Court of Appeals for the Seventh District, in which the court say:

"The character of the indebtedness of an attorney, who has rendered services to an executor or administrator in behalf of the settlement of the estate, has been fully determined by the Supreme Court. It is first the individual liability of the administrator or executor in the settlement, and not the liability, in the first instance, of the estate."

The court now comes to a consideration of the statutory provision relative to the allowance of counsel fees. All opinions of the courts in the cases cited were rendered prior to January 1, 1932, the effective date of the Probate Code. Prior to January 1, 1932, there was no statutory provision in the Probate Laws of Ohio relative to counsel fees. In the Probate Code is found §10509-193, GC, which so far as it applies to this issue provides as follows:

"Further allowance shall be made as the court considers just and reasonable for actual and necessary expenses, and for extraordinary services, not required of an executor or administrator in the common course of his duty. When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be included in such further allowance, and if no definite amount has been agreed upon, the court shall fix such attorney fees as may be reasonable. * * *"

Does this code provision change the law in Ohio as it has been laid down by the Supreme Court? We think not. It will be observed that under this section it is incumbent upon the administrator, to present the matter to the Probate Court and request that he be given "further allowance" to reimburse him out of the assets of the estate for "reasonable attorney fees paid by" him. This allowance must necessarily be made on the application of the administrator. This court believes that it is still within the province of the Probate Court to make the allowance in advance of payment and in anticipation of the filing of an account, so that the administrator may take a proper credit in his account after the court has determined the issue. By following this procedure, the administrator, in filing his account can show a payment and produce a voucher for the same at the time he takes his credit.

This court is of the opinion that this section of the Probate Code, relative to the allowance of counsel fees, is in accord with the former principle of law laid down by the Supreme Court, and in no way changes or modifies the law in Ohio since the decision of the Supreme Court in the case of Thomas v Moore in 1894. It follows that since the claim for counsel fees is a personal claim against the administrator and not against the estate, and it is incumbent upon the administrator to apply to the Probate Court for an allowance in the way of counsel fees, the failure on the part of the administrator to make an application to the Probate Court deprives the Probate Court of jurisdiction to hear and determine the matter on exceptions filed by the attorney to an account filed by the administrator in which the administrator has not claimed a credit for compensation paid to the attorney. The attorney, under §10509-193, GC, must depend upon his client, the administrator, to present the matter to the Probate Court, for determination. If the administrator declines to apply to the Probate Court for such allowance the attorney has only a claim against the administrator in his personal capacity.

The general demurrer filed to the exceptions which have been filed by John G. Romer, attorney, to the second and final account of the executor and executrix, in the case at bar, is hereby sustained.