## WHINERY, ESTATE OF, In Re

Ohio Common Pleas, Columbiana Co

Decided March 29, 1938

K. L. Cobourn, Salem, for appellant.
J. J. Brown, Alliance, for appellees.

## OPINION

By GRIFFITH, J.

This cause is now being determined on an appeal on questions of law from the Probate Court. The law suit grows out of the order of the Probate Court in making the allowance of attorney's fees of $139.37 to K. L. Cobourn for services rendered the executrices of the estate of Mary C. Whinery, deceased.

Mary C. Whinery, late a resident of Butler township, Columbiana County, Ohio, died testate on July 2, 1932. The two executrices, by their attorney, K. L. Cobourn, made application to probate the will, and administration of the estate proceeded with the aid and advice of counsel. The executrices on October 1, 1932, filed a schedule of assets and liabilities and an estimate of the expense of settling the estate, which carried a proposed fee of $163.37 for the attorney, and this schedule was approved by the Probate Court.

Real estate was sold and the Probate Court approved a fee of $88.00 for K. L. Cobourn as attorney for the estate under provision of §10510-46 GC, which amount has been paid to counsel. Subsequently the attorney was discharged by the fiduciaries and new counsel retained.

Thereafter the fiduciaries, with the aid and advice of new counsel, filed an application for the · determination of counsel fees. The Probate ' Court, after full hearing, at which hearing the appellant was present and a participant, fixed the attorney's fees at $139.37, the same to be apportioned between counsel in proportion to the work performed by each of them. The court, in its determination of this matter, rendered a well prepared opinion and upon motion by the appellant for a rehearing, the court rendered a further opinion, giving its reasons for its findings. In the opinion of the Probate Court, we find this language:

"We believe that it was clearly the intention of the legislature to invest the court with full and complete authority to determine the reasonableness of attorney's fees, and that when counsel accepts employment for a fiduciary, he does so with the full knowledge that the fiduciary has been appointed by the court for the purpose of administering the estate of the decedent, and that as such fiduciary he has no authority to pay attorney's fees in excess of the amount fixed by the court. The court is clearly of the opinion that under new enactment it has full and complete authority to fix attorney's fees, and the amount so fixed is the total amount that may be collected from any source for the services so rendered."

Has the Probate Court authority under the present law of this state to fix the amount of compensation that an attorney may receive from an individual acting as a fiduciary, all of which services pertained to estate matters? May the Probate Court by its order deny the attorney any recourse or right he may have against the fiduciary as an individual for any compensation in excess of that fixed by the court? In other words, does an attorney, under the present law of Ohio have the right to receive from a fiduciary, in his personal capacity, a sum of money, as counsel fees in the settlement of an estate in excess of the amount allowed by the Probate Court as a charge against the estate?

This brings us directly to the interpretation of §§10509-193 and 10510-46 GC, which sections became effective January 1, 1932.

Prior to that time the law of Ohio for over a century (going back to such reports as 2 Ohio Reports 156, 1825) has been that attorney's fees are the personal obligation of the executors.

The oft quoted case of **Thomas, Admrx. v More,** decided in 1894, and reported in 52 **Oh St, page 200,** states the law in clear and concise language. The 2nd and 3rd paragraphs of the syllabus read:

"2. Executors and administrators are personally liable for the services of attorneys employed by them, but their contracts therefor do not bind the estate, although the services are rendered for the benefit of the estate and are such as the executor or administrator may properly pay for, and receive credit for the expenditure in the settlement of his accounts."

"3. A judgment recovered against the executor or administrator on a claim for such services must be treated as a judgment against him in his individual and not in his representative capacity."

This well reasoned opinion cites a list of cases both in Ohio and from other jurisdictions which it is unnecessary to cite here. It is sufficient to say that this is a correct statement of the law of Ohio as it applied down to 1932 when a new Probate Code became effective.

Prior to the adoption of §10509-193, GC, attorney's fees were allowed under **10838 GC.** The old section of the Code did not contain the provision of the new enactment, which reads:

"When an attorney has been employed in the administration of the estate, reasonable attorney's fees paid by the executor or administrator shall be included in such fund allowance, and if no definite amount has been agreed upon, the court shall fix such attorney's fees as may be reasonable."

Was it the intent of the legislature to clothe the Probate Court with authority to fix attorney's fees which might be charged against the estate only, or did it intend to empower the Probate Court to fix attorney's fees for all purposes and as against all persons for the services the attorney rendered?

Sec 10510-46 GC, provides that the Probate Court shall include in the costs of a land sale reasonable attorney's fees as part of the costs. Is there anything in these positive declarations of the will of the legislature that is in derogation of the law as laid down by our courts over a long period of years?

Clearly the Probate Court has exclusive jurisdiction in making an order for the allowance of attorney's fees from the estate assets. May it be said that it was the intent of the legislature to preclude the right of the attorney to hold the fiduciary individually? The fiduciary exercised his own judgment in selecting and retaining his counsel. He may discharge him at will without the court's intervention. The court in no wise is a party to the contract.

Any disagreement between counsel and executrix becomes a controversy between attorney and client. It is purely personal. There is no implied contract between the attorney and the Probate Court. True the attorney knew the provisions of the Code respecting compensation for attorneys when he entered into the contract as attorney for the estate, but he also knew the pronouncements of the courts of Ohio on this very identical question.

The court is of the opinion that the Probate Court was in error in going beyond the matter of fixing of attorney's fees to be charged against the estate and attempting to determine what amount of fees, if any, the fiduciaries owed personally for services rendered in connection with the settlement of the estate.

Fiduciaries are personally liable to the attorneys they employ. The Probate Court may determine what part, if any, of such fees may be paid out of estate funds. The court's power is exhausted when this is done.

Attorney's fees are primarily the personal obligation of the executor and if he can recoup from the estate, well and good, otherwise he is held.

The judgment of the Probate Court, in fixing the attorney's fees, for which the estate is liable, is affirmed; the order of said court, in fixing the total amount that may be collected as attorney's fees, from any source, for the services so rendered, is hereby reversed.