## McDONALD v FRENCH, Admrx.

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1639. Decided June 18, 1940.

Henry H. Hollencamp, Dayton; Allen C. McDonald, Dayton, for plaintiff-appellant.

Jacobson & Durst, Dayton, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Probate Court of Montgomery County, Ohio.

Defendant filed a general demurrer to plaintiff's amended petition, which demurrer was sustained and plaintiff, not desiring to plead further, his petition was dismissed and judgment entered for costs.

Within statutory time, plaintiff filed his notice of appeal on questions of law, thus placing the action in this court.

The sole and only question for determination is the sufficiency of the petition, although many other questions are raised and discussed through the briefs.

The petition is very lengthy and is set out as two causes of action. Without attempting a literal quotation of the petition, it will be our purpose to set out the substance.

Ella I. French, wife of I. Newton French, both of whom resided in the City of Dayton, Ohio, died on July 31, 1931. She left a last will and testament, in which she named I. Newton French as her executor and bequeathed to him all the property, after the payment of expenses and indebtedness. The will was duly admitted to probate and I. Newton French duly qualified as executor.

The plaintiff, Allen C. McDonald, was retained and employed by said executor to perform the proper and necessary legal services required in the settlement of the estate of said decedent. Plaintiff performed all of the legal servies required in connection with said estate, in accordance with the provisions of the probate law of the State of Ohio. The sum of $1400.00 was agreed upon between plaintiff and the executor, I Newton French, as the compensation for the legal services performed by plaintiff. The first and final account of the executor was filed in the Probate Court on September 11, 1933, and was settled by the Probate Court on November 1, 1933. The executor in his first and final account took credit for the attorney fee of $1400.00, and plaintiff duly signed a receipt for said amount, which was filed as a voucher in the said first and final account.

Plaintiff alleges that the executor did not pay him the said sum of $1400.00 at the time the receipt was signed and the account filed, but in the latter part of December, 1933, did pay the plaintiff $25.00, but no other and further amount has actually been paid at any time.

Plaintiff alleges that the purpose of signing the receipt and including the same as a voucher in the first and final account was for the purpose of enabling the executor to have determined the inheritance tax.

It is further alleged that the executor agreed to pay the full amount both individually and from the assets of the estate, as the amount might be collected in.

The petition further alleges error and mistake in that the executor knew at the time of filing his final account and deducting credit for the $1400.00 fee, that the same had not been paid.

The petition also charges fraud upon the court and the plaintiff in deducting said amount when in truth and in fact

the amount was not paid. Fraud is also charged as affecting the political subdivision in that the inheritance tax was calculated on a deduction of $1400.00, for which sum the executor took credit when in fact no part of the amount was ever paid.

The petition sets out much more detail, but we think we have made a fair presentation of the substance.

The present action was filed on March 19, 1937, and therein I. Newton French was made defendant as executor of the last will and testament of Ella I. French, deceased, and also I. Newton French individually.

On May 6, 1937, I. Newton French died, leaving Ethel Jane French his widow. On August 13, 1937, the widow was appointed by the Probate Court of Montgomery County, Ohio, as administratrix de bonis non with the will annexed of the estate of Ella I. French, deceased.

The petition was attacked by motion to dismiss on the claimed ground that the action was res adjudicata. This motion was overruled. Thereafter demurrer was filed to the original petition on the claim of misjoinder of parties. The demurrer was sustained on the ground that an attempt was made to include I. Newton French individually as a party defendant.

On July 18, 1939, plaintiff filed his amended petition, to which a general demurrer was filed and sustained, the cause dismissed and judgment for costs awarded against plaintiff.

The Probate Court in sustaining the demurrer and entering final judgment, rendered a written opinion through which we are favored with the reasoning of the court.

In substance, the court determined that the allegations of fact set out in the petition do not support the conclusion of error and mistake or fraud, as these terms are understood; further, that attorney fees are the personal obligation of I. Newton French, and under the facts alleged were at no time an obligation against the estate; further, that the executor and attorney might properly agree to the amount of attorney fees, subject only to the right of the Probate Court to determine its reasonableness. The settling of the first and final account by the Probate Court would have the legal effect of determining that the amount so charged was reasonable; that any right of action that the plaintiff now has would be against I. Newton French, individually or against his estate, since he is now deceased.

Sec. 10506-40 GC, in part reads as follows:

"The determination of the Probate Court on the settlement of an account shall have the same force and effect as a judgment at law or decree in equity, as the particular case may require, and shall be final as to all persons having notice of the hearing, except:

(a) * * *

(b) * * *

(c) Upon any settlement of an account all former accounts may be so far opened as to correct a mistake or error therein, on condition, however, that a matter in dispute that has been previously determined by the court shall not be brought in question by either of the parties without leave of court upon good cause first shown:

(d) In case of fraud or collusion.

(e) * * *."

This is the section under which plaintiff predicates his right of action; no other section of the Code has any bearing upon the question.

We agree with the trial court that the facts alleged in the petition negative the claim of error or mistake, and also fraud, as either or all affect the plaintiff.

There is no allegation in the petition that the plaintiff did not know exactly what was set out in the receipt which he signed and the first and final account filed by the executor. In the absence of any such allegation, it is inferable from other allegations that the plaintiff prepared the account. We base this conclusion on the allegation contained in the petition that plaintiff performed all legal services attending the settlement of the estate.

It is a well recognized principle that a party to a transaction can not base any claim of error or mistake, except where it is affirmatively alleged that such error or mistake was mutual. Furthermore, error of law can not be the basis of such a claim; it must be an error or mistake of fact.

A reading of the petition will leave no other conclusion than that the parties intended to do exactly what they did do, and hence the pleading of a conclusion of error or mistake is not warranted.

This same reasoning will apply to the pleading of the conclusion of fraud.

When an attorney and client agree upon the modus operandi of settling an estate, it would not lie within the privilege of the attorney to allege the claim of fraud against the executor for following the advice of counsel.

We are warranted in assuming that when the first and final account was filed and in regular course settled by the Probate Court, thereby plaintiff knew that the estate was closed. This is particularly true when the executor was the sole legatee under the will. The legal significance of filing the final account is that the administration is terminated. Thereafter the sole legatee would be vested with all the remaining estate. Of course, there are instances in which a closed estate can be opened up, but no such situation is presented in the instant case.

The allegations of the petition that the executor agreed to pay the fee individually and out of the assets of the estate as the same were collected in, would constitute nothing more than an individual liability against I. Newton French.

We now pass to the second ground upon which the Probate Court based his reasoning in sustaining the demurrer.

It was the court's determination that the case of **Thomas, Admr. v Moore, 52 Oh St 200**, is still the law of this state. Syllabus 2 reads as follows:

"2. Executors and administrators are personally liable for the services of attorneys employed by them, but their contracts therefor do not bind the estate, although the services are rendered for the benefit of the estate, and are such as the executor or administrator may properly pay for, and receive credit for the expenditure in the settlement of his accounts."

It is urged by plaintiff that this rule is modified in amended §10509-193 GC, effective January 1, 1932. This section reads as follows:

"10509-193. **Further allowance.** Further allowance shall be made as the court considers just and reasonable for actual and necessary expenses, and for extraordinary services, not required of an executor or administrator in the common course of his duty. When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be included in such further allowance, and if no definite amount has been agreed upon, the court shall fix such attorney fees as may be reasonable. When provision is made by the will of the deceased for compensation to an executor, that shall be a full satisfaction for his services, in lieu of such commissions or his share thereof, unless by instrument filed in the court he renounces all claim to the compensation given by the will."

This section is the same as former §10538 GC, to which, however, has been added the second sentence.

It is the conclusion of the Probate Court that the words "If no definite amount has been agreed upon, the court shall fix such attorney fees as may be reasonable," do not modify the rule announced in 52 Oh St 200, supra. In other words, that the proper construction of the new section still refers to further allowances made to the executor for actual and necessary expenses.

In the case of **Smith v Rhodes & Wilt, 68 Oh St 500**, the Supreme Court distinguished the case of **Thomas, Admrx. v Moore, 52 Oh St 200**, supra, but falls short of determining generally that attorney fees are obligations against the

estate. In this Smith case the administrator on order of the Probate Court, filed an account of the expenses of his administration preparatory to his settling a final account. Included in such expenses was an amount due his attorney for services in the settlement of the estate, and said expense account was approved by the Probate Court and the amount of attorney fees ordered paid. The administrator failed to comply, and it was the decision of the Supreme Court that the administrator was liable upon his bond for such failure. It is apparent that the Supreme Court predicated its ruling upon the fact that the Probate Court upon application for allowance of expenses had ordered the administrator to pay.

The Supreme Court, in the case of **Trumpler, Admr. de bonis non v Royer, et, 95 Oh St 194,** again had under consideration the question of attorney fees in the settlement of an estate.

In Syllabus 3 it is stated in substance that the amount of attorney fees may be included as an item in the settlement of the account of the executor or administrator or an application upon due and legal notice to all the parties in interest may be made to the Probate Court to allow the claim and fix the amount thereof.

In Syllabus 2 it is stated in substance that the allowance of fees for services rendered by attorneys employed by an executor or administrator in the settlement of an estate is a matter to be determined by the Probate Court and until such determination such fees do not constitute a valid claim against the estate.

Johnson, J., delivering the opinion of the court, refers to the case of **Thomas, Admx. v Moore, 52 Oh St,** supra, and apparently quotes with approval therefrom. At least there is nothing in the decision reversing or distinguishing 52 Oh St, supra.

It is our conclusion that the amendment of §10538 GC, does no more than to place in legislative form the essential procedural steps in having allowed attorney fees, just as the Supreme Court had decided in 68 Oh St, supra, and 95 Oh St, supra.

It should be kept in mind that both decisions of the Supreme Court were reported prior to the enactment of §10509-193 GC.

Giving to this section the █ most liberal construction, we fail to see that it in any way assists plaintiff's contention.

It is quite true that the Probate Court in the settlement of the first and final account necessarily allowed as reasonable the attorney fee of $1400.00, but in so doing he necessarily recognizes the claim as having been paid. This is admitted by plaintiff, but he argues that such permissible inference was a fraud upon the court, for the reason that in fact it was not paid. This question, of course, refers to the claim of fraud already discussed. The Probate Court determined that it was not a fraud against the court; that the attorney had the legal right to waive the actual payment of the amount from the estate and permit the executor to take credit therefor; furthermore, that the adopting of this plan in the interest of having inheritance tax determined, the filing of the first and final account and the obligation of I. Newton French to pay thereafter, was neither illegal nor fraudulent.

Judge Wiseman had this same question under consideration in the case of **In re Estate of Wellmeier, deceased, 11 OO 45. (26 Abs 386).**

We also find a very interesting discussion by Judge Griffith, of the Common Pleas Court of Columbiana County, Ohio, in **Re Estate of Mary E. Whinery, 11 OO 96. (26 Abs 347).**

We are also referred to the case of **Metz v American Surety Company** (Ohio Appeals, 7th District), 7 Abs 540. The opinion is by Pollock, J. The syllabus reads as follows:

"Attorney who has performed services for executor, having receipted for such services and accepted individual promissory note of executor, can not, after executor's account has been approved and executor given credit for the payment of the attorney's fee, recover the amount from the surety on the executor's bond. Liability for such

services is, in the first instance, the individual liability of the executor or administrator and not of the estate."

We are constrained to the view that the Probate Court was not in error in sustaining the demurrer and entering final judgment.

Counsel for appellee, in their briefs, urge five reasons for affirming the judgment of the Probate Court, as follows:

1. That the matter is res adjudicata.
2. If not res adjudicata, then McDonald is not a creditor of the estate of Ella I. French and therefore is not a proper party to seek to open up the first and final account of her estate.
3. There has been no fraud and this is shown on the face of the petition.
4. If he is a creditor and there has been fraud, then he himself has deliberately been a party to the alleged fraud of which he complains, as shown on the face of the petition.
5. In addition the proceeding of March 19, 1937, is outlawed.

The question of res adjudicata is not presented under the allegations of the petition, and we can not consider this question under the state of the record in this court.

Reasons 2, 3 and 4 are considered in somewhat different form. Earlier decisions in this state very frequently determined that a general demurrer raises the question of the statute of limitation, where such limitation appears on the face of the petition.

The statute authorizing demurrers to petitions, as it now exists, sets out ten specifications. Specification 9 was not in the earlier enactments. This part of the section reads as follows:

"9. That an action was not brought within the time limited for the commencement of such actions."

The Court of Appeals of Cuyahoga County had under consideration the section of the statute as amended in the case of **Culbertson Company v Warden, Ohio Law Reporter, Vol. 32, p. 23.** It was the determination of the court that since the amenament of the

statute in 1900 that the limitation of action may not be raised by general demurrer, but there must be a special demurrer where the limitation appears on the face of the petition.

The judgment of the trial court will be affirmed.

HORNBECK, PJ. & GEIGER, J., concur.