DECISION AND JOURNAL ENTRY
Appellant, Sarah E. Ostergard, as Executrix of the Estate of Walter Ostergard, appeals the verdict of the Summit County Court of Common Pleas. We affirm.
 I.
Walter Ostergard, the decedent, was diagnosed with severe disabling pulmonary emphysema in the late 1970's. In the spring of 1995, Mr. Ostergard was referred to Dr. Thomas Kirby, appellee, Head of the Lung Transplantation Section in the Department of Thoracic and Cardiovascular Surgery, at the Cleveland Clinic Foundation ("Cleveland Clinic"), appellee, for evaluative purposes; specifically, Dr. Kirby was to determine the possibility of volume reduction surgery, which would reduce Mr. Ostergard's lungs to a more normal size. Mr. Ostergard elected to undergo the surgery and on July 27, 1995, Dr. Kirby, assisted by Dr. Marc Brand, appellee, performed the bilateral lung volume reduction surgery. Following the surgery, Mr. Ostergard was transferred to the Cardio-Thoracic Intensive Care Unit where his condition remained stable thereby enabling him to be moved to a regular nursing floor on July 28, 1995.
Prior to discharge, a culture was taken of drainage oozing from one of Mr. Ostergard's surgical incisions. On August 4, 1995, a day after the culture was taken, Mr. Ostergard showed no outward signs of infection and was released from the Cleveland Clinic. However, on August 5, 1995, the Pathology Department of the Cleveland Clinic reported that the culture was positive for staphylococcus aureus bacteria (staph infection). That same day, Mr. Ostergard became ill, due to the staph infection, and was taken to Akron General Medical Center where he was given a number of antibiotics to fight the infection. Tragically, Mr. Ostergard's condition did not improve and he died on August 22, 1995.
On March 25, 1996, Mrs. Ostergard, as executrix of the estate of Walter Ostergard, (hereinafter referred to as "Mrs. Ostergard") filed a complaint against the appellees, the Cleveland Clinic Foundation, Dr. Kirby, Dr. Brand, Cleveland Clinic Medicare Certified Agency, and CCF Health Care Ventures, Inc. Mrs. Ostergard asserted a wrongful death action and a survival action in her complaint. On July 14, 1999, appellees filed a motion in limine to exclude the testimony of Dr. Linda Norton's, one of Mrs. Ostergard's expert witnesses. On August 18, 1999, appellees filed a second motion in limine to exclude testimony by Mrs. Ostergard regarding a conversation that she overheard while in the bathroom of her husband's room at the Cleveland Clinic as inadmissible hearsay. The trial court granted both of these motions.
A jury trial was held commencing on August 23, 1999, in the Summit County Court of Common Pleas. In a verdict journalized on September 20, 1999, the jury returned a verdict in favor of the defendants. This appeal followed.
 II.
Mrs. Ostergard asserts two assignments of error. We will address them jointly.
 A. First Assignment of Error THE TRIAL COURT COMMITTED PREDUDICAL [sic] ERROR IN EXCLUDING THE TESTIMONY OF PLAINTIFF'S PATHOLOGIST, DR. LINDA NORTON.
 Second Assignment of Error THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN EXCLUDING PLAINTIFF'S TESTIMONY CONCERNING CONVERSATIONS OVERHEARD BETWEEN CLEVELAND CLINIC STAFF MEMBERS.
In her first and second assignments of error, Mrs. Ostergard avers that the trial court erred in excluding the opinion testimony of Dr. Linda Norton and the testimony concerning the conversations which Mrs Ostergard overheard in the bathroom. We disagree.
A motion in limine is a request for a preliminary order regarding the admissibility of evidence that a party believes may be improper or irrelevant. Riverside Methodist Hosp. Assn. of Ohio v. Guthrie (1982),3 Ohio App.3d 308, 310. The purpose is to alert the court and counsel of the nature of the evidence in order to remove discussion of the evidence from the presence of the jury until the appropriate time during trial when the court makes a ruling on its admissibility. Id. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial.State v. Maurer (1984), 15 Ohio St.3d 239, 259-60. To have a valid proffer, the substance of the excluded evidence must be made known to the trial court.[1] State v. Gilmore (1986), 28 Ohio St.3d 190, syllabus. This enables the reviewing court to "determine whether or not the [ruling] of the trial court [is] prejudicial." Smith v. Rhodes (1903),68 Ohio St. 500, 505.
Mrs. Ostergard first avers that Dr. Norton's deposition was proffered at the close of the appellant's case-in-chief, and therefore, the issue was preserved on appeal. However, the deposition was tendered in its entirety without disclosing to the trial court what Dr. Norton's testimony was offered to prove, namely whether her testimony was regarding damages, liability, or both. Accordingly, we are unable to find that the trial court committed prejudicial error. Therefore, Mrs. Ostergard's first assignment of error is overruled.
In her second assignment of error, Mrs. Ostergard argues that the trial court erred in excluding the testimony concerning the conversations overheard in the bathroom by Mrs. Ostergard. From the record, it is apparent that Mrs. Ostergard failed to proffer the testimony of the conversations overheard between the Cleveland Clinic personnel at trial. Hence, we conclude that any error in excluding this testimony is waived. For that reason, Mrs. Ostergard's second assignment of error is overruled.
 III.
Mrs. Ostergard's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT, SLABY, J., CONCURS, BAIRD, J. CONCURS IN JUDGMENT ONLY.
[1] Evid.R. 103 provides in pertinent part:
Effect of erroneous ruling
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
* * *
 (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.
(Emphasis added)