This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Nurse Griffin Insurance Agency, Inc. ("Nurse Griffin"), has appealed a judgment of the Summit County Court of Common Pleas granting the motion of appellee, Erie Insurance Group ("Erie"), for a directed verdict. This Court affirms.
 I.
Nurse Griffin initially filed suit against Erie in the Mahoning County Court of Common Pleas, alleging that Erie maliciously breached the Agency Agreement ("agreement") between Nurse Griffin and Erie, and that Erie intentionally interfered with the sale of the agency. Nurse 
Griffin filed an amended complaint containing various other allegations. However, by the time of trial, Nurse Griffin no longer contested Erie's right to exercise the termination portion of the agreement.
Erie filed a motion for judgment on the pleadings. The Mahoning County Court of Common Pleas granted Erie's motion for judgment on the pleadings. The Mahoning County Court of Appeals affirmed the judgment of the Mahoning County Court of Common Pleas in part, and remanded in part for further proceedings.
By agreement of the parties, the action was then transferred to Summit County on February 3, 2000. Erie moved for summary judgment on April 4, 2000. Erie's motion was denied. Nurse Griffin filed a second amended complaint on June 29, 2000. The trial on this matter commenced on January 16, 2001. Before the trial began, Erie filed a motion inlimine. As part of that motion, Erie asked that the court preclude any evidence or argument that Erie's termination of the agreement was in bad faith. In response to Erie's motion in limine, the trial court ruled that Erie's motives in terminating the agreement were not relevant.
At the close of Nurse Griffin's case, Erie filed motions for directed verdicts. The trial court granted Erie's motions for directed verdicts as to all claims except one. The sole claim that survived the directed verdict motion was the claim for tortious interference with the sale of Nurse Griffin's book of business to another Erie agent, Robert Greenwood. The jury returned a verdict for Erie on that claim.
Nurse Griffin timely appealed, and has set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN RULING THAT ANY EVIDENCE CONCERNING EVENTS PRIOR TO THE TERMINATION OF APPELLANT NURSE GRIFFIN INSURANCE AGENCY, INC. BY APPELLEE ERIE INSURANCE GROUP WAS INADMISSIBLE[.]
Nurse Griffin has argued that the court should have admitted evidence concerning events that occurred prior to the Erie's termination of Nurse Griffin's Agency Agreement.
As a threshold matter, this Court finds that Nurse Griffin has not preserved this issue for our review. A motion in limine is a request for a preliminary order regarding the admissibility of evidence that a party believes may be improper or irrelevant. Riverside Methodist Hosp. Assn.v. Guthrie (1982), 3 Ohio App.3d 308, 310. The purpose of a motion inlimine is to alert the court and counsel of the nature of the evidence in order to remove discussion of the evidence from the presence of the jury until the appropriate time during trial when the court makes a ruling on its admissibility. Id. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial. State v. Maurer (1984),15 Ohio St.3d 239, 259-60. In order for an appellate court to review the propriety of the exclusion of evidence, the party claiming prejudice must proffer into the record the substance of the excluded evidence. State v.Tait (Jan. 29, 1997), Lorain App. No. 96CA006339, unreported. See, also, Evid.R. 103(A)(2). This enables the reviewing court to "determine whether or not the [ruling] of the trial court [was] prejudicial." Smithv. Rhodes (1903), 68 Ohio St. 500, 505.
In the case sub judice, the trial court sustained objections to the admission of evidence pertaining to events that occurred prior to Erie's termination of Nurse Griffin's contract. However, the record shows that the trial court did allow some evidence of events that occurred prior to Erie's termination of the agreement. If Nurse Griffin intended to present still more evidence of events that took place prior to Erie's termination of the agreement, a proffer was required under Evid.R. 103. Such a proffer would have allowed the trial court to decide whether its preliminary ruling was appropriate regarding that evidence. Absent such a proffer, this Court cannot determine whether or not relevant evidence was excluded. Counsel for Nurse Griffin did not make such a proffer for the record.
Nurse Griffin's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING APPELLEE ERIE INSURANCE GROUP'S MOTIONS TO DIRECT A VERDICT ON APPELLANT NURSE GRIFFIN INSURANCE AGENCY, INC.'S CLAIMS[.]
In its second assignment of error, Nurse Griffin has argued that the trial court erred in granting Erie's motion for a directed verdict.
The only support that Nurse Griffin has offered for its argument is that the directed verdict was granted because the trial court erroneously excluded evidence that was vital to Nurse Griffin's case. Essentially, this argument is a restatement of Nurse Griffin's first assignment of error. This Court need not address this assignment of error because Nurse Griffin failed to prove its argument by offering a proffer.
 III.
Nurse Griffin's second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
BAIRD, P.J. and WHITMORE, J. concur.