Weygandt, C. J.
 

 The first question for determination is whether, in an action by the assignee of part of a tort claim against a tort-feasor, such tort-feasor
 
 *134
 
 may have the assignor of the claim made a party to the action.
 

 The entire injury suffered by an individual as the result of a tortious act constitutes an indivisible chose in action. According to the petition Rothen retained an interest in the chose in action to the extent of $50, and the remainder was assigned to the plaintiff company. They became joint owners of the indivisible chose in action. Their unity of interest was such as to make it proper — even necessary, according to many authorities — for both to be included as parties, thereby avoiding a splitting of the cause of action and the harassing of the defendant tort-feasor by more than one suit.
 

 The second question is more difficult. When such an action is instituted by the assignee within the statutory period, may the defendant make the assignor a new party and file a counterclaim in a cross-petition against him after the period has elapsed? The plaintiff concededly was not barred when it commenced the suit, but Gross was well without the pale at the time he made Rothen a new party and filed a cross-petition against him.
 

 The general rule seems to be that under such circumstances the filing of the cross-petition relates back to the time the action was commenced. This view is summarized as follows in 34 American Jurisprudence, 60, Section 65:
 

 “However, although there is authority to the effect that the statute of limitations does not cease to run against offsets of the defendant until the time he files his plea of offsets in the case, the prevailing view seems to be that, unless otherwise provided by statute, if a counterclaim or setoff is not barred at the commencement of the action in which it is pleaded, it
 
 does
 
 not become so afterward, during the pendency of that action. ’ ’
 

 
 *135
 
 Likewise, in the second paragraph of the syllabus in the case of
 
 McEwing
 
 v.
 
 James,
 
 36 Ohio St., 152, this court made the following- pronouncement to the same effect:
 

 “The statute of limitations ceases to run against a setoff from the date of the commencement of the action in which it is pleaded.”
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Matthias, Zimmerman, Bell and Turner, JJ., concur.
 

 Hart, J., concurs in the syllabus but dissents from the judgment.
 

 Williams, J., not participating.