Matthias, J.
Defendant’s assigned errors raise two issues for our consideration and determination:
I. Whether a subrogee insurer is barred by the two-year statute of limitations from joining in an action against a tortfeasor, where the insured commenced the action before the expiration of the two-year period for the full amount of the loss, including that for which he was reimbursed by the insurer.
II. Whether the amount of the verdict is excessive as a matter of law.
In order to determine the first issue, we must initially consider whether the assignor of a part of a tort claim to an assignee (such assignee being referred to herein as partial as *342 signee), by virtue of a prior contract of insurance, retains the right and ability to maintain an action in his own name for the full amount of the damages resulting from the tort, or whether by such partial assignment the assignor foregoes the right to recover, in his own name, from the tort-feasor more than the full amount of damages less the amount of the partial assignment.
Defendant relies heavily upon the case of Cleveland Paint & Color Co. v. Bauer Mfg. Co., 155 Ohio St., 17, 97 N. E. (2d), 545, to support his argument that the insurance company herein is a party so united in interest with the insured that, by not joining with her as a party plaintiff in a suit against the tortfeasor for the full amount of damages sustained as a result of the tort, before the expiration of the two-year period limiting the time in which an action must be commenced to recover damages for property injured or destroyed by negligence, it forfeited its right to recover the amount to which it had been subrogated. As a corollary to that proposition, the defendant also contends that the insured in the instant case can recover, if anything, at least no more than the $50 which she was obligated to pay under the terms of the insurance contract, and at most no more than the full amount of her damages less whatever amount she accepted from the insurance company in settlement of her claim under the insurance contract.
With respect to the instant question, however, the Bauer ease is authority merely for the principle that, where an insured is in fact partially reimbursed, by virtue of a contract of insurance, for a loss suffered by the negligence of another, and where such insured, pursuant to such reimbursement under the contract, assigns a part of his claim for damages to the insurer, the insurer is a party united in interest with the insured in an action by the insured against the tort-feasor and must be joined as such party upon the raising of the issue by the defendant tort-feasor. In that cáse, the plaintiff (insured) elected not to plead further, upon the overruling of its demurrer to defendant’s objection that it was not the real party in interest, and no attempt was made by either the plaintiff or the defendant to have the insurance company joined as a party to the action. Neither the possibility of joinder nor the statute of limitations was considered or discussed in the opinion in that case.
*343 A case which is highly significant in connection with this problem is National Retailers Mutual Ins. Co. v. Gross, 142 Ohio St., 132, 50 N. E. (2d), 258. In that case, the insured assigned to the insurance company that part of his claim against the tort-feasor in excess of $50. The insurance company then timely brought an action against the tort-feasor to recover the amount it had paid its insured, and, more than two years after the alleged tort had occurred, the defendant moved to have the insured joined as a party to the action and to be allowed to file a cross-petition against such new party.
In the complete sustaining of the defendant’s position, Chief Justice Weygandt, in the course of his opinion, stated:
“The entire injury suffered by an individual as the result of a tortious act constitutes an indivisible chose in action. As-cording to the petition Rothen retained an interest in the chose in action to the extent of $50, and the remainder was assigned to the plaintiff company. They became joint owners of the indivisible chose in action. Their unity of interest was such as to make it proper — even necessary, according to many authorities — for both to be included as parties, thereby avoiding a splitting of the cause of action and the harassing of the defendant tort-feasor by more than one suit.”
The first paragraph of the syllabus of that case reads as follows:
“In an action by the assignee of part of a tort claim against a tort-feasor the latter may have the assignor of the claim made a party to the action.”
We presume that, in all equity, this principle means also that the joined assignor can set up any claim over and above the partial assignment which he may have against the tortfeasor, since the insurer can recover, of course, no more than the amount to which he was subrogated.
The cases noted above, as well as most of the cases concerning the subject of joinder of assignors and assignees of tort claims, deal with the question of whether such an assignor or assignee may be compelled to join as a party to the action, rather than whether such party may be refused permission to join in a timely commenced suit, after the statute of limitations has run; and this particular question has not appeared in decisions of this' court prior hereto.
*344 Section 2307.18, Revised Code (Section 11254, General Code), provides that “all persons having an interest in the subject of an action, and in obtaining the relief demanded maybe joined as plaintiffs,” and Section 2307.20 (Section 11256) provides that “parties who are united in interest must be joined as plaintiffs or defendants.”
We found in the Gross case, supra (142 Ohio St., 132), that an assignor and a partial assignee of a tort claim are parties united in interest, and that, upon suit by the partial assignee alone, for the amount of the assignment, the assignor must be joined upon motion of the defendant tort-feasor. In the Bauer case, supra (155 Ohio St., 17), we found that an assignor and a partial assignee of a tort claim are parties united in interest, and that, upon suit by the assignor alone, for the full amount of damages, there is a defect of parties plaintiff which will result in the failure of the entire action if, upon attention being called thereto, such defect is not remedied. These findings do not, however, solve the problem of whether the assignor or the partial assignee must join, or be joined, in an action timely commenced prior to the running of the statute of limitations or by not so doing relieve the tort-feasor of liability to the nonjoining party to the extent of his interest in the “indivisible chose in action.”
According to the Gross case, supra, if, under such circumstances, the assignor is the nonjoining party, he is not relieved of his interest, at least so far as his possible liability is concerned, in the “indivisible chose in action,” as the reported facts of that case show that the assignor there was compelled to be joined as a party united in interest with the partial-assignee insurance company which had timely commenced the action months after the period of the statute of limitations had expired.
Is there any difference between an assignor and a partial assignee as to which is the real party in interest which may be delineated by the extent of their individual interests? That is to say, at first blush it would seem that an insurer who has paid all but $50 of a large claim, as in the Bauer case, supra, wherein the total damages recovered by the injured party amounted to $22,500, should, logically, be the “real party in *345 interest” in an action on the claim, or at least a prime party in interest, and should be required to prosecute his claim diligently or be barred therefrom by the statute of limitations.
The court notes, however, that an automobile insurer may, by the terms of his various types of collision-coverage contracts, pay an insured an amount ranging from a flat 80 per cent of any damages to his automobile to all damages thereto in excess of $50, $100, $250 or even $500, depending on the type of vehicle insured and the premium paid. From this, together with the obvious fact that under such circumstances a compensable loss may run anywhere from one so minor that the insurer pays only a fraction thereof to one encompassing an expensive “total loss” wherein the insured pays only a fraction thereof, it is clear that the court can formulate no general rule which will be uniformly just in its operation upon all concerned by establishing which of one or more parties united in interest in an “indivisible chose in action” is the real party in interest according to the relative value of his interest.
Following, then, the rationale of the Gross case, if the assignor must be joined as a party united in interest with the partial assignee, and such joinder may be had after the expiration of the period of the statute of limitations, and, as we have found above, there is no distinction between an assignor and a partial assignee as to which is the real party in interest, it necessarily follows that in that case the partial assignee could have been joined upon motion of the defendant tort-feasor, after the running of the statute of limitations, had the assignor instituted the action there as was done in the instant case. It necessarily follows that if the defendant tort-feasor, at his option and for his own benefit, may compel the joinder of a party united in interest in an indivisible chose in action after the expiration of the period of the statute of limitations, then in all equity such party must be allowed to join, or be joined, in such action after the expiration of such period either by intervention or upon a motion by the party with whom he is united in interest.
We can but reach the following conclusions with respect to the issue here under consideration:
1. An insured who is injured by a tortious act retains his *346 ownership of the resultant claim for damages against the tortfeasor in that he may, in the absence of a motion or a raising of the issue of joinder, maintain an action thereon in his own name for the full amount of damages, even though he has made a partial assignment of the claim to an insurer.
2. Upon such partial assignment, the assignor and the partial assignee become parties united in interest and, even though the assignor may commence or continue prosecution of an action for the full amount of damages in his own name, or the partial assignee may commence or continue prosecution of an action for that part of the claim to which he has been subrogated, if the issue of joinder is not raised, the insured or the insurer must be joined as parties to the action either if such joinder is requested by motion or upon the raising of the issue by the defendant tort-feasor, and such joinder may be had after the expiration of the period of the statute of limitations. These conclusions are consistent with the Gross and Bauer cases, supra, and the Falk case, infra.
As we said in Neilson v. Fry, 16 Ohio St., 552, 559, “statutes of limitation are statutes of repose, and the periods of limitation are graduated, mainly, with reference to the nature of the evidence on which the actions rest, or by which they can be defeated.”
The meritorious effect of such a rule is that, by limiting the time in which certain types of actions must be brought, with reference to the “nature of the evidence” on which such actions rest, it precludes one having a cause of action from refraining from suit thereon until such time as he feels that the availability of evidence to support his cause far outweighs the availability of evidence to disprove it, thus taking unfair advantage of his prospective opponent.
It is readily apparent, however, that in situations such as that here under consideration the evidence which must be adduced at trial by the insured in order to prove his case against the tort-feasor is identically that which the insurer must adduce in order to recover as the insured’s subrogee (with, of course, the exception of the validity of the assignment). Similarly, the evidence which the tort-feasor must adduce in order to defeat the insured’s claim is identical with that which he must adduce *347 in order to defeat a claim by the insured’s subrogee (except, of course, possible proof of a defect in the assignment).
In the language of Chief Justice Shauck, in Lake Erie & Western Rd. Co. v. Falk, 62 Ohio St., 297, 306, 56 N. E., 1020:
“Notwithstanding the prayer of the railroad company that the insurance company should be brought into the action, it is now contended that it should not have been permitted to intervene and to assert its right of subrogation in the action brought by the owner against the railroad company. But the subject of the action ivas the loss sustained in consequence of the destruction of the property. The object of the suit was to recover the value of the property from the party ultimately liable, and to apportion the proceeds of the judgment recovered between the injured parties according to their interests in the amount recovered. The recovery sought was for a single wrongful act and the railroad company could have objected with more force if it had been subjected to two actions by those interested in the recovery. This mode of asserting the rights of the parties in the subject of a single cause of action, all being brought into the same suit and each asserting his own interest, is in conformity with the requirements of modern procedure.” (Emphasis added.)
It is seen that, upon the timely commencing of an action by an injured insured against the tort-feasor, the tort-feasor is put on notice that he must defend the action and, pursuant to that end, must search out the evidence needed for such defense. That evidence, if existent, is identical with that which such tort-feasor must search out in order to defeat an action by the insured’s subrogee, and to find that under such circumstances the subrogee is foreclosed from asserting his rights in “the subject of a single cause of action” (as described in the Falk case) merely because he is not made a party prior to the running of a statute of limitations, the period of which (if we are to follow the rationale of the Neilson case) is primarily directed to the transitory nature of evidence concerning negligence, is to attribute to such statute a much narrower meaning than it was meant to have and to give a tort-feasor an advantage not intended thereby.
These reasons support our previous conclusions, and they *348 also defeat defendant’s- argument that the insurance company is guilty of laches by clearly indicating that upon the institution of the action by the insured the defendant was put on notice that he was to be held to account for the alleged tort and thereby was not prejudiced by the mere failure of the insurer to join, or be joined, in the action prior to the running of the statute of limitations.
It follows that the trial court committed no error in allowing the insurance company in the instant case to be joined as a party to the action, even though such joinder was requested over two years from the time the cause of action arose.
We now proceed to a consideration of whether the amount of the verdict is excessive as a matter of law.
We have already shown that in an action against a tortfeasor an insured is not necessarily limited to a recovery of the amount deducted according to the terms of the insurance contract from the amount for which the insurer is ultimately liable to Mm by the terms of such contract, i. e., the “$50 deductible” provision of the contract in the instant case. This is so even though the insured may later be held to account by his insurer for the latter’s interest in any recovery the insured might obtain. See Newcomb v. Cincinnati Ins. Co., 22 Ohio St., 382, 388, 10 Am. Rep., 746, wherein West, J., said:
“Where the assured, as in the case of partial insurance, sustains a loss, in excess of the reimbursement or compensation by the underwriter, he has an undoubted right to have it satisfied by action against the wrongdoer. But if, by such action, there comes into his hands, any sum for which, in equity and good conscience, he ought to account to the underwriter, reimbursement will, to that extent, be compelled in an action by the latter, based on his right in equity to subrogation.”
With respect to defendant’s contention that the jury set an exhorbitant award for damages to plaintiff’s automobile, we note, without attempting to weigh the evidence, the highly inflated condition of the automobile market at the time of plaintiff’s misfortune (1948) and find that there was sufficient evidence presented to support the amount of the award for such damages.
There remains to be determined only whether, in an action *349 by an insured and bis partial-assignee insurer, the amount of recovery from the tort-feasor is limited to the amount which the insured and his insurer have agreed is the extent of the liability of the insurer to the insured by the terms of the insurance contract, plus whatever amount was deducted therefrom as the insured’s contribution with respect to such liability as preagreed and stipulated in the insurance contract.
Defendant directs our attention to Winkler v. City of Columbus, 149 Ohio St., 39, 77 N. E. (2d), 461, in support of his argument that recovery must be limited to the amount of 'the settlement, since the settlement necessarily includes admissions by the insured as to the extent of his damages. In the Winkler case, this court held that in a negligence action it is not error for a trial court to direct a verdict against a plaintiff where such plaintiff makes admissions on cross-examination which are inconsistent with his direct testimony and which disclose contributory negligence on his part.
The Winkler case, however, is not pertinent to the question before us, since, regardless of the effect one or more admissions made by an insured to his insurer, in effecting a settlement therewith, may have in a subsequent suit against the tort-feasor, it does not follow that the extent of liability of the tort-feasor is absolutely determined by such settlement. In other words, the mere agreement between an insured and his insurer, a third-party contraetee having no connection whatever with the tortfeasor, as to the extent of the liability of such insurer to such insured under the terms of the contract does not delineate absolutely the extent of the legal liability of the tort-feasor to the insured.
To so hold might well deprive the injured insured of the right to recover from the tort-feasor damages incurred as a direct result of the tort but not reimbursable by the insurer under the terms of the insurance contract. Also, the tortfeasor certainly should not be relieved of any portion of his liability because of an ill-advised or premature settlement by an injured insured with his insurer.
The extent of liability of a tort-feasor is fixed at the time of the commission of the tort, and his interest in respect to a partial-assignee insurer, aside from the possibility of obtain *350 ing evidence of admissions made by the injured party to such insurer, is merely to see that the insurer is joined in a suit against him in order to have determined therein all who may have an interest in any judgment which may be rendered against him, and the relative extent of such interest.
It follows that the insured in the instant case is not limited in her recovery to the $50 deducted from the amount of liability of the insurer under the terms of the contract, and the insured and the insurer, suing jointly, are not limited to the amount of the settlement previously entered into between them.
For the reasons herein set out, the judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas, is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Bell and Herbert, JJ., concur.