## Benner v. Interrante

*Steven E. Speece,* for plaintiff.
*John A. DiCicco,* for defendant.

DAVENPORT, *J.,* August 5, 1981—

### HISTORY OF CASE

This suit results from an automobile collision which occurred on July 23, 1978 in Upper Salford Township, Montgomery County, Pa. After negotiations with Amy White, a passenger in defendant's vehicle, plaintiff paid her a certain sum in settlement. Now plaintiff seeks contribution from defendant.

On July 22, 1980, one day before the statute of limitations was to run, plaintiff filed a complaint against defendant. Service was made after the statute had run. Eventually, defendant filed an answer and counterclaim in trespass seeking damages for personal and property injury suffered in the same automobile accident.

Plaintiff now challenges defendant's counterclaim alleging that it is barred by the statute of limitations.

## DISCUSSION

The issue before this court is whether the running of the statute of limitations bars the raising of a counterclaim based on the same occurrence giving rise to the complaint, where the complaint is filed one day before the expiration of the applicable statute of limitations. With certain qualification, this court finds that such a counterclaim is not barred. Surprisingly, the matter is one in which there is no appellate precedent in this state, and considerable conflict exists among the several courts of common pleas on the issue. For example, in Marafine v. Campologno, 3 D. & C. 3d 735 (1977), the Common Pleas Court of Clearfield County held that such a counterclaim was not barred by the applicable statute of limitations unless the statutory period had expired through negligence or other dilatory inaction on the part of defendant.

Conversely, in Guerriero v. Probst, 15 D. & C. 3d 625 (1980), the Clinton County Court held that a counterclaim is subject to the controlling statute of limitations irrespective of when a claim arising out of the same incident is filed against defendant.

Given the conflicting opinion on the subject, this court believes it is helpful to look for guidance in neighboring jurisdictions.

In Biddle v. Biddle, 163 N.J. Superior Ct. 455, 395 A. 2d 218 (1978), the Superior Court of New Jersey, while dismissing defendant's cross-claim as barred by the statute of limitations, indicated that a counterclaim would not be barred by the statute of limitations, if it pleaded the same cause of action as the complaint. Similarly, the New York Courts agree, that for a counterclaim asserted after the statute has run, it must arise out of the same trans-

action and occurrence as the original complaint: New York Telephone Co. v. County Asphalt, Inc. 86 Misc. 2d 958, 382 N.Y.S. 2d 211 (1976).

The Ohio Courts in National Retailers Mutual Insurance Co. v. Gross, 142 Ohio 132, 50 N.E. 2d 258 (1943), broadly assert that if a counterclaim is not barred at the commencement of the action in which it was pleaded, it does not become so afterward during the pendency of the action. This appears to be the majority rule, and the reasoning appears sound, because the matter is before the court as a result of the original complaint.

In the case at bar, the claims are based on the same factual circumstances. No independent rights, claims or remedies are sought. Defendant filed the answer and counterclaim in a timely manner, so notice is not at issue. The claim is not stale.

The position taken by this court in dismissing plaintiff's motion for judgment on the pleadings, stems from a desire to afford defendant ample opportunity to present his entire defense. Such relief should not be denied on a technicality. In this respect, this court finds the reasoning expressed in Marafine v. Campolongo, supra, specially persuasive. In that decision the court stated at 736:

"While it is true that actions for personal injury must be commenced within two years from the date the injury is suffered, it is quite possible that one who suffers such injury may choose not to pursue his claim unless forced to do so by being sued himself for other injuries sustained in the accident. The reasons for choosing not to pursue one's claim are many and varied, among which, the obvious is the time and expense involved, especially if the claim is relatively insignificant. However, choos-

ing not to pursue one's own claim by initially commencing an action against another should not bar the raising of that action as a counterclaim should the other party proceed to attempt to recover damages that he sustained, and this should be true even though the statute of limitations has passed unless the period has expired through negligence or other dilatory inaction on the part of defendant."

The actions taken by defendant are both timely and relevant in the suit already before the court. Having been hailed into court by plaintiff, defendant should not be barred from raising any claims against plaintiff arising from the same incident on which suit is brought. The only requirements limiting defendant from litigating the counterclaim is that the claim be relevant to the existing litigation and filed in a timely fashion. The purpose of the statute of limitations is to bar stale claims—but the reason for the rule would not be applicable in a counterclaim such as this.

Therefore, this court finds that the actions taken by defendant are proper and plaintiff's motion for judgment on the counterclaim is denied and the motion is dismissed.

Plaintiff is granted 20 days from this date to file a responsive pleading to the counterclaim.