RIVERSIDE METHODIST HOSPITAL ASSN. OF OHIO, APPELLEE, *v.* GUTHRIE, APPELLANT.

(No. 81AP-720—Decided March 25, 1982.)

*Messrs. Bricker & Eckler* and *Mr. John F. Birath, Jr.,* for appellee.
*Ms. Ellen L. Wristen,* for appellant.

WHITESIDE, P.J. Defendant Susan Guthrie appeals from a judgment of the Franklin County Municipal Court and raises three assignments of error, as follows:

"1. Trial court erred in dismissing defendant's counterclaim since that counterclaim was filed by the defendant in an action commenced by plaintiff prior to the expiration of the statute of limitations for the counterclaim and defendant responded with the counterclaim within

the allowed answer time by filing both the answer and counterclaim.

"2. The trial court erred in granting to plaintiff a motion *in limine* prohibiting defendant from introducing as a defense any evidence as to negligence or malpractice on behalf of plaintiff or its employees during the hospitalization of defendant giving rise to the account sued upon.

"3. The trial court abused its discretion granting to plaintiff protective orders permitting plaintiff to not answer interrogatories submitted by defendant and permitting plaintiff to not respond to request for admissions submitted by defendant when such interrogatories and such admissions were properly discoverable and relevant to defendant's counterclaim and defendant's defense."

Plaintiff brought this action upon an account alleging that defendant owed it $2,119.21 for hospital care rendered from March 24 to April 11, 1979. Plaintiff filed its complaint on March 11, 1980, eleven months after completion of the hospital stay. Defendant filed an answer and counterclaim on April 16, 1980. The answer denied that defendant owed the debt, and the counterclaim alleged that plaintiff was negligent in the care of defendant and failed to provide reasonable protection for her while she was a patient in plaintiff hospital. Plaintiff filed a motion to dismiss the counterclaim because it was not filed within one year after the claim for relief accrued, which was sustained by the trial court. Defendant filed interrogatories, posing some eighty-five questions for response by plaintiff. Plaintiff filed a motion for a protective order to relieve it from responsibility for answering the interrogatories, which motion was sustained by the trial court. Defendant refiled two requests for admissions, the first of which was answered by plaintiff. Plaintiff then filed a motion for protective order seeking relief from answering the second request for admissions, and a motion *in limine* seeking an order excluding

any evidence concerning whether plaintiff negligently cared for or protected defendant while a patient of plaintiff. The trial court sustained this motion also. Since the parties stipulated that defendant was a patient of plaintiff for the time in question, and that the customary charges plaintiff makes for such services were the amount set forth in the account attached to the complaint, the trial court entered judgment for plaintiff for that amount.

By the first assignment of error, defendant contends that the trial court erred in sustaining plaintiff's motion to dismiss her counterclaim upon the ground that it was filed more than one year after the claim accrued and, thus, was barred by R.C. 2305.11(A), which establishes a one-year statute of limitations for malpractice actions against a hospital. We agree.

The decision of the trial court is directly contra to the second paragraph of the syllabus of *National Retailers Mut. Ins. Co.* v. *Gross* (1943), 142 Ohio St. 132 [26 O.O. 337], which states:

"If a counterclaim is not barred by a statute of limitation at the commencement of the action in which it is pleaded, it does not become so during the pendency of that action."

Defendant's counterclaim was not barred by the statute of limitations at the time plaintiff filed its complaint. Accordingly, the counterclaim may be the basis for affirmative relief, even though the one-year limitation had elapsed five days prior to the filing of the counterclaim since, under applicable law, the running of time for filing a counterclaim is tolled by the filing of plaintiff's complaint. See, also, *McEwing* v. *James* (1880), 36 Ohio St. 152. The first assignment of error is well taken.

By the second assignment of error, defendant contends that the trial court erred in granting plaintiff's motion *in limine* prohibiting defendant from introducing any evidence indicating that plaintiff was negligent in its care and pro-

tection of defendant while a patient of plaintiff.

While a motion *in limine* is a most useful procedural device, it is frequently misused and misunderstood. A motion *in limine* may be used in two different ways: (1) as the equivalent of a motion to suppress evidence, which is either not competent or improper because of some unusual circumstance; and (2) as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. Part of the confusion concerning motions *in limine* arises from the two different purposes it can serve.

Unfortunately, usually only the first purpose is considered and then the motion is improperly applied to determine with finality the admissibility of evidence. Properly, a motion *in limine* cannot be used to determine the admissibility of evidence. It can serve the same purpose as a motion to suppress evidence where the evidence either is not competent or is improper. This should be a rare use of the motion *in limine*.

The more appropriate, and more common use of a motion *in limine*, is as set forth in the first paragraph of the syllabus of *State* v. *Spahr* (1976), 47 Ohio App. 2d 221 [1 O.O.3d 289], as follows:

"As related to trial, a motion *in limine* is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury."

As stated by Judge McBride at page 223 of *Spahr*: "An evidential ruling, prospective or otherwise, is never final until the trial is completed and every avenue of admission has been explored and denied." Judge McBride further stated at page 224:

"There is no provision under the rules or the statutes for a motion *in limine*. The request was no more and no less than an appeal to the trial court for a precautionary instruction to opposing counsel to avoid error or prejudice, such instruction to be effective until admissibility was resolved. Such a request lies in the inherent power and discretion of the trial judge to control the proceedings."

In other words, the sustaining of a motion *in limine* does not determine the admissibility of the evidence to which it is directed. Rather, it is only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case whether the evidence would be admissible. Properly utilized, a motion *in limine*, when sustained, requires a two-step procedure. First, a consideration of the motion *in limine* as to whether any reference to the area in question should be precluded until admissibility can be ascertained during trial. Second, at the time when the party desires to introduce the evidence which is the subject of the motion *in limine*, there must be a second hearing or determination by the trial court as to the admissibility of the evidence, which is then determined by the circumstances and evidence adduced in the trial and the issues raised by the evidence. Thus, as Judge McBride stated in *Spahr* at page 225, there is "a two fold solution: first, an avoidance of reference at trial until the problem is solved and, second, a prior ruling at the appropriate time before the subject is mentioned or introduced into evidence."

Plaintiff's motion was improper because it sought an order finding that the evidence "is inadmissible." The trial court so found. Such a finding is premature, regardless of the circumstances involved. Obviously, since we have sustained the first assignment of error, the ruling was in error and prejudicial. However, the ruling was prejudicially erroneous, even if this court were to overrule the first assignment of error.

Even assuming that defendant's counterclaim were barred by the statute of limitations, it is possible that the case could proceed in such a manner and the evidence could be of such a nature that the issue of plaintiff's negligent performance could be raised as bearing upon the issue of whether there had been performance by plaintiff of its obligations to such an extent as to entitle it to payment for services rendered (in other words, in essence, a failure-of-consideration defense). If the statute of limitations had run, either a setoff or counterclaim would be barred. *Summers* v. *Connolly* (1953), 159 Ohio St. 396 [50 O.O. 352]. That case distinguished the earlier case of *In re Estate of Butler* (1940), 137 Ohio St. 96 [17 O.O. 432], the fifth paragraph of the syllabus of which states in part: "Defenses are not barred by the statute of limitations * * *." In the opinion in *Summers,* it is stated at page 405:

"* * * If the matters pleaded in defense grow out of or are connected with the matters pleaded in the petition, so that the establishment of the facts so pleaded in defense would defeat recovery, as, for example, would be the case where fraud or misrepresentation were pleaded, a 'true' or 'pure' defense would be alleged and such defense would not be barred by the running of the statute."

The reasoning of *Summers* is predicated in part upon R.C. 2309.19, which provides that cross "demands must be deemed compensated so far as they equal each other." See, also, *Cauffiel Machinery Co.* v. *Eastern Steel & Metal Co.* (1978), 59 Ohio App. 2d 1 [13 O.O.3d 41].

Accordingly, the trial court erred not only in making a premature ruling by sustaining the motion *in limine* but also erred as to the basis therefor. The evidence could conceivably have been admissible regardless of whether the statute of limitations had run. Since it had not, the evidence clearly would be admissible if presented in the proper manner and form. The second assignment of error is well taken.

By the third assignment of error, defendant contends that the trial court abused its discretion in granting plaintiff's motions for protective orders. We agree. The trial court predicated its determination in large measure upon the ground that there was no malpractice issue in the case. In addition, the trial court referred to the interrogatories as being oppressive, with some of them being irrelevant and frivolous. We assume that this is in light of the trial court's holding upon the statute of limitations issue. It is apparent that many of the interrogatories are proper. In light of our findings that defendant's counterclaim for malpractice is not barred by the statute of limitations, we find that the trial court abused its discretion in granting the protective orders, and upon remand the trial court must reconsider and reevaluate the motions for protective orders both as to admissions and the interrogatories with respect to their relationship to defendant's counterclaim. For this reason, and to this extent, the third assignment of error is well taken.

For the foregoing reasons, all three assignments of error are sustained. The judgment of the Franklin County Municipal Court is reversed and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed
and cause remanded.*

REILLY and McCORMAC, JJ., concur.