**Karen ROBERTS–WEY, Plaintiff,**

v.

**SEAFLA, INC., Defendants.**

**No. C–1–83–2005.**

United States District Court, S.D. Ohio, W.D.

July 26, 1985.

Monica R. Bohlen, Cincinnati, Ohio, for plaintiff.

Eric C. Holzapfel, Wood & Lamping, Cincinnati, Ohio, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS

SPIEGEL, District Judge.

This matter came on for consideration on plaintiff's motion to dismiss defendants' counterclaim (doc. 36). Defendants have filed a memorandum in opposition (doc. 39), to which plaintiff has replied (doc. 41). The sole issue before the Court is whether defendants may assert a counterclaim against plaintiff for slander if the statute of limitations with respect to said tort had run as of the date of the filing of the counterclaim, but not as of the date of commencement of the action as a whole. While the issue at hand readily was identified, recent cases on point regrettably were not located with the same ease. For the reasons that follow, however, we believe defendants present the better position and accordingly rule in their favor.

Plaintiff filed suit on December 20, 1983, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(d) (doc. 1).[1] Original defendant Seafla, Inc. answered on February 21, 1984, but alleged no counterclaims (doc. 2). Plaintiff's motion for leave to file an amended complaint against defendant Seafla and to join Richard Higgins as a defendant (doc. 12) was granted orally on January 31, 1985 (*see* doc. 31, p.

87). Defendants filed their answer to plaintiff's amended complaint on April 2, 1985 (doc. 33), in which they included what appears to be a counterclaim for slander.

We begin with those propositions of law to which both parties agree. There is no dispute that this Court is bound to apply Ohio law and that the relevant statute of limitations is one year. *See* Ohio Rev.Code § 2305.11(A). However, plaintiff moves this Court to dismiss defendants' counterclaim, urging that, because more than one year has passed between the last alleged defamatory statement and their April 1985 filing date, defendants are time barred from asserting it. Defendants, in response, maintain that their counterclaim is timely by virtue of the fact that plaintiff's original cause of action was filed within the one year period of limitations applicable to slander claims. Ohio law, it seems, substantiates defendants' position.

Although written over forty years ago, *National Retailers Mutual Insurance Co. v. Gross*, 142 Ohio St. 132, 50 N.E.2d 258 (1943) is instructive. Paragraph 2 of its syllabus states quite clearly:

> If a counterclaim is not barred by a statute of limitation at the commencement of the action in which it is pleaded, it does not become so during the pendency of that action.

*National Retailers* confirmed a much older ruling to the same effect. *See McEwing v. James*, 36 Ohio St. 152 (1880) (statute of limitations ceases to run against setoff from date of commencement of action in which it is pleaded). Ohio Jurisprudence 2d teaches a similar lesson:

> Unless the defendant's claim is purely defensive, as by way of recoupment, or has coexisted with the plaintiff's claim, *it is essential to the allowance of the counterclaim that the action in which it is set up be commenced within the period of the statute of limitations pertaining to the claim of the defendant.* But *the statute of limitations ceases to run against the counterclaim from the*

---

1. This Court dismissed plaintiff's Title VII claim for lack of subject matter jurisdiction on July 11, 1985 (*see* doc. 45). Her FLSA and battery claims remain, however.

*date of the commencement of the action in which it is pleaded.*

34 Ohio Jur.2d *Limitations of Actions* § 24 (1958).

Turning to more recent authorities, we observe that in *Riverside Methodist Hospital Ass'n of Ohio v. Guthrie*, 3 Ohio App.3d 308, 444 N.E.2d 1358 (1982), both *National Retailers* and *McEwing* were cited as binding precedent.

> [D]efendant contends that the trial court erred in sustaining plaintiff's motion to dismiss her counterclaim upon the ground that it was filed more than one year after the claim accrued and, thus, was barred by R.C. 2305.11(A), which establishes a one-year statute of limitations for malpractice actions against a hospital. We agree.
>
> The decision of the trial court is directly contra to the second paragraph of the syllabus of *National Retailers Mut. Ins. Co. v. Gross* (1943), 142 Ohio St. 132 [50 N.E.2d 258, 26 O.O. 337], which states:
>
> > "If a counterclaim is not barred by a statute of limitation at the commencement of the action in which it is pleaded, it does not become so during the pendency of that action."
>
> Defendant's counterclaim was not barred by the statute of limitations at the time plaintiff filed its complaint. Accordingly, the counterclaim may be the basis for affirmative relief, even though the one-year limitation had elapsed five days prior to the filing of the counterclaim since, under applicable law, the running of time for filing a counterclaim is tolled by the filing of plaintiff's complaint. *See, also, McEwing v. James* (1880), 36 Ohio St. 152.

*Id.* at 309, 444 N.E.2d at 1360. Nor do we read *Riley v. Montgomery*, 11 Ohio St.3d 75, 463 N.E.2d 1246 (1984) to the contrary. *Riley* involved a suit, brought in 1981, for collection of attorney fees. Legal services were rendered last in 1978. Defendants

answered with a general denial and asserted a counterclaim alleging malpractice. The collecting attorney moved for summary judgment on the grounds that defendants' counterclaim was barred by the one-year statute of limitations for malpractice. *Id.* at 75, 463 N.E.2d at 1247. The Supreme Court of Ohio isolated the issue as "whether a claim of negligence, breach of trust, or malpractice may be considered as a defense or recoupment to an attorney's suit for fees grounded on an written note, when the statute of limitations for an original action based on malpractice has run." *Id.* at 76, 463 N.E.2d at 1248. On this question of first impression, the court ruled

> that a claim which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common-law theory of recoupment, when the claim of the defendant arises out of the same transaction as the plaintiff's claim for relief, and when it is offered to reduce the plaintiff's right to relief.

*Id.* at 78, 462 N.E.2d at 1249.

Plaintiff cites *Riley* for the proposition that it narrows *National Retailers* and *McEwing*. We disagree. In the course of its reasoning, the *Riley* court makes no mention of either case. Moreover, unlike the facts at bar, the statute of limitations with respect to the *Riley* defendants' malpractice claim would have been time-barred at the commencement of plaintiff's action. We think it imprudent to infer that because the state supreme court permits defensive use of a time-barred claim, it concomitantly would refuse to allow "offensive," if you will, use of a claim that was not time-barred at the time a plaintiff filed his or her complaint.[2]

We appreciate the niceties plaintiff attempts to draw between this action and *National Retailers* and *McEwing*, but feel compelled to find the distinctions of no moment. It is true that both cases in-

---

**2.** To the extent that plaintiff argues that defendants' slander claim "does not arise out of the same transaction or occurrence as [her] claim for relief" (*see* doc. 41, p. 3), we agree insofar as

she means that defendants' claim in no fashion can be construed as representing a defense or as viable under the common-law theory of recoupment.

volved counterclaims that arguably were in the nature of recoupment rather than for affirmative relief. Strictly speaking, however, they were independent actions, as here, on which judgment could be rendered. It is also true that neither case involved a situation in which defendants filed a counterclaim to an amended answer. Yet the language of the Supreme Court in both, as repeated in *Riverside*, is unequivocal and in defendants' favor. Perhaps the state high court's rulings were unduly broad, but we think somewhere within the body of the *Riley* decision would have been an appropriate place to so indicate. Seeing no qualifications, we are obliged to apply this "plain reading" of the applicable Ohio law.

In addition to her statute of limitations argument, plaintiff additionally contends that we should dismiss defendants' counterclaim because it is frivolous and vexatious, and because it will unduly prejudice her. As to the latter, we believe additional time for discovery will cure any such prejudice. In connection with the former, we decline to make any ruling with arguable Rule 11 consequences on such sparse allegations.

In accordance with the foregoing, plaintiff's motion to dismiss is hereby DENIED. This case is set for status conference on August 8, 1985, at 11:00 a.m., during which the parties should be prepared to advise the Court, among other things, what additional time for discovery is necessary and how quickly we can proceed to trial.

SO ORDERED.