OPINION
Defendants-appellants Don Eyman, et al. appeal the April 4, 2000 Judgment Entry of the Fairfield County Court of Common Pleas, which granted plaintiff-appellee Sterling Christopher Anderson's motion for summary judgment on appellants' counterclaim, and dismissed said counterclaim.
 STATEMENT OF THE FACTS AND CASE
On May 24, 1999, appellee filed a Complaint and Jury Demand in the Fairfield County Court of Common Pleas, naming appellants as defendants. Appellee asserted claims for malicious prosecution, intentional infliction of emotional distress, invasion of privacy, and civil conspiracy arising out of criminal charges, which appellee alleges appellants initiated or caused to be initiated against him. The criminal charges included four felony counts of sexual battery and fourteen misdemeanor counts of contributing to the unruliness of a minor. The victim in all of the charges was appellant Mahala Eyman, minor daughter of appellants Don and Kathy Eyman. Ultimately, the misdemeanor counts against appellee were dismissed and a jury acquitted appellee of the four felony counts. Thereafter, appellants again allegedly initiated or caused to be initiated additional criminal charges against appellee, to wit: ten misdemeanor counts of contributing to the unruliness of a minor. These misdemeanor charges were also dismissed. Appellants filed their answer and counterclaim on July 8, 1999. The counterclaim set forth causes of action for malicious prosecution, abuse of process, intentional infliction of emotional distress, practicing medicine and/or counseling without a license, seduction, invasion of privacy, negligent infliction of emotional distress, and negligence. Appellee filed a Motion to Dismiss the Counterclaim or, In the Alternative, for Summary Judgment on August 10, 1999. Appellants filed a Response to [Appellee's] Motion to Dismiss/Motion for Summary Judgment on August 26, 1999. On the same day, through new counsel, appellants filed a Motion for Civ.R. 56(F) Relief and Supplemental Memoranda Contra [Appellee's] Motion to Dismiss or, In the Alternative, for Summary Judgment. Via Memorandum of Decision filed October 7, 1999, the trial court granted appellants a continuance to allow for further discovery. The trial court ordered appellants to submit a memoranda contra to appellee's motion within ninety days of the filing of the order. Appellants filed a Motion for Summary Judgment on [Appellee's] Complaint on January 7, 2000, and a Response to [Appellee's] Motion for Summary Judgment Regarding Counterclaims on January 10, 2000. Appellee filed a reply memorandum and memorandum contra, under seal, on February 11, 2000. On February 17, 2000, appellants filed a reply to this motion as well as a supplemental memorandum to their motion for summary judgment. Via Memorandum of Decision filed March 22, 2000, the trial court denied appellants' motion for summary judgment and granted summary judgment in favor of appellee on appellants' counterclaims. With respect to appellants' claim for malicious prosecution, the trial court found appellants failed to meet the elements for this cause of action. The trial court found appellants' counterclaim for abuse of process failed because appellants failed to plead or allege any incident during which appellee "perverted" an otherwise legitimate action or sought objectives not available via that proceeding. Additionally, the trial court determined the Court of Claims had exclusive, original jurisdiction over appellants' claims for intentional infliction of emotional distress, invasion of privacy, and negligence. The trial court concluded appellants' claim for practicing medicine/counseling without a license failed as a matter of law because there was no authority upon which relief could be granted for such a cause of action. Finally, with respect to appellants' seduction claim, the trial court found it was barred by the statute of limitations. The trial court issued a Judgment Entry on April 4, 2000, which included Civ.R. 54(B) language. It is from this judgment entry appellants appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS'-APPELLANTS' COUNTERCLAIM.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANTS'-APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S-APPELLEE'S COMPLAINT.
 III. THE FILING OF THE COMPLAINT BY PLAINTIFF-APPELLEE WAIVED THE DEFENSE OF THE STATUTE OF LIMITATIONS FOR ALL CLAIMS ARISING OUT OF THE FACTS ALLEGED IN THE COMPLAINT.
Any other facts relevant to our discussion of appellants' assignments of error shall be contained therein.
 I
In their first assignment of error, appellants maintain the trial court erred in granting appellee's motion for summary judgment on their counterclaims. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellants' assignments of error. We shall address each of appellants' counterclaims in turn. A. Malicious Prosecution The elements of the tort of malicious civil prosecution are as follows: (1) malicious institution of prior proceedings against the plaintiff by defendant, * * *; (2) lack of probable cause for the filing of the prior lawsuit, * * *; (3) termination of the prior proceedings in plaintiff's favor, * * *; and (4) seizure of plaintiff's person or property during the course of the prior proceedings, * * *. Crawford v. Euclid Nat'l. Bank (1985),19 Ohio St.3d 135, 138 (Citations omitted).
Despite the trial court's conclusion, appellants maintain they are able to satisfy the elements of this tort. With respect to the first and second element, appellants contend "the filing of this lawsuit, * * * was without probable cause, leaving the only inference that [appellee] filed this lawsuit merely to maliciously harass [appellants]. This lawsuit will be terminated in favor of [appellants]." January 10, 2000 Response Brief at 6. Appellants submit the seizure element is satisfied because they have been required to expend significant sums of money to pursue and defend this action which has resulted in their property being seized. Id. In their Brief to this Court, appellants further assert the seizure element is established because law enforcement officers arrived at their home after receiving a 911 call from appellee, and removed Mahala from the home and transported her to a local hospital. Upon our review of the entire record in this matter, we find appellants are unable, at this time, to establish any of the elements of malicious civil prosecution. Appellants cannot rely upon appellee's institution of the instant action to satisfy the "prior proceedings" element. Until the resolution of the instant action, there is no way to determine whether appellee lacked probable cause to file this suit or whether termination of this suit will be in appellants' favor. Assuming arguendo, appellants established the necessary elements for this claim, they have inappropriately plead it. A claim of malicious civil prosecution cannot be brought as a counterclaim, but must be brought in a separate suit after the underlying litigation is terminated favorably. Crawford, supra, at 119, footnote 4. B. Abuse of Process The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. Id. at 118.
Unlike a claim for malicious prosecution, a claim of abuse of process may be raised as a permissive counterclaim in the underlying litigation in the appropriate case. Id. at 119. The basis for appellants' abuse of process claim centers on appellee's filing of the instant action, which satisfies the first element. However, the record is void of any evidence establishing the second and/or third element(s), i.e., that the instant proceeding has been "perverted to attempt to accomplish an ulterior purpose for which it was not designed" and/or appellants have suffered direct damages as a result. Because appellants failed to establish genuine issues of material fact exist as to these two elements, we find the trial court properly granted summary judgment in appellee's favor on this claim. C. Intentional Infliction of Emotional Distress; Invasion of Privacy; and Negligence.
R.C. 2743.02 provides, in pertinent part: (F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. (Emphasis added.)
The allegations set forth in appellants' counterclaim relative to the claims for intentional infliction of emotional distress, invasion of privacy, and negligence establish appellee was acting in his capacity as an employee of the State of Ohio at all relevant times. Because appellee fell within the definition of "officer" or "employee" under R.C. 109.36(A), the trial court concluded it was without jurisdiction to hear these claims and dismissed the claims to allow appellants to refile in the Court of Claims. We find no error in the trial court's dismissal of these counterclaims pursuant to R.C. 2743.02. D. Practicing Medicine/Counseling Without a License. R.C. 4731.41 provides, in relevant part: No person shall practice medicine* * * without the appropriate certificate from the state medical board to engage in the practice.
The penalty for such an offense is set forth in R.C. 4731.99, which provides:
 (A) Whoever violates section 4731.41 * * * of the Revised Code is guilty of a felony of the fifth degree on a first offense and a felony of the fourth degree on each subsequent offense.
R.C. 4757.02 states, in relevant part: (A) Except as provided in section 4757.41 of the Revised Code:
 (1) No person shall engage in or hold herself or himself out as engaging in the practice of professional counseling for a fee, salary, or other consideration unless the person is currently licensed under this chapter as a professional clinical counselor or professional counselor.
The penalty for violating R.C. 4757.02 is set forth in R.C. 4757.99, as follows:
 Whoever violates section 4757.02 of the Revised Code is guilty of a misdemeanor of the fourth degree on a first offense; on each subsequent offense, such person is guilty of a misdemeanor of the third degree.
R.C. 4731.41 and R.C. 4757.02 impose criminal liability upon a person for engaging in the practice of medicine or professional counseling without proper licensure. A civil action for such violation does not exist under either Ohio statutory or common law. Accordingly, we find the trial court properly found this cause of action failed as a matter of law. E. Seduction R.C. 2305.29 provides: No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation, and no person shall be liable in civil damages for seduction of any person eighteen years of age or older who is not incompetent, as defined in section 2111.01 of the Revised Code.
The trial court found appellants were barred by the one year statute of limitations from asserting their claim for seduction. Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531. We shall discuss this aspect of the ruling in Assignment of Error III, infra. The trial court further found because the events upon which appellants rely to establish their claim occurred after Mahala turned eighteen years old, appellants did not have a viable claim under R.C. 2305.29. We find summary judgment in favor of appellee on appellants' counterclaim for seduction as it relates to events occurring after Mahala's eighteenth birthday was appropriate. Based upon the foregoing, appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants contend the trial court erred in denying their motion for summary judgment on appellee's complaint. "The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02." Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. Because the portion of the trial court's order which denied appellants' motion for summary judgment is not a final, appealable order, we have no jurisdiction to review appellants' second assignment of error.
 III
In their final assignment of error, appellants assert appellee's filing of his complaint waived the defense of the statute of limitations for all claims arising out of the facts alleged therein. Appellants submit any of the counterclaims dismissed by the trial court as being barred by the statute of limitations should be reinstated. Appellants cite National Retailers Mut. Ins. Co. v. Gross (1943), 142 Ohio St. 132, in support of their proposition "a counterclaim asserted by a Defendant against a Plaintiff which relates to the same transaction or occurrence asserted in the original claim of Plaintiff relates back to the original commencement of the action, and is not subject to the defense of the statute of limitations at the time the counterclaim was filed." Brief of Appellants at 25. In National Retailers, the Ohio Supreme Court held, "if a counterclaim is not barred by a statute of limitations at the commencement of the action in which it is pleaded, it does not become so during the pendency of that action." Id. at para. 2 of syllabus. "In other words, the filing of a complaint by the plaintiff against a defendant tolls the statute of limitations for a counterclaim asserted by the defendant which relates to the same transaction or occurrence asserted in the original claim." Armstrong v. Harp Realty Co. (1991),73 Ohio App.3d 292, 294 (Citation omitted). We find appellants' reliance on National Retailers to be misplaced. The holding in National Retailers and its prodigy address cases in which the statute of limitations for the counterclaim had not expired prior to the filing of the original complaint. Herein, the statute of limitations for the counterclaim had expired prior to appellee's filing of the instant complaint, and appellants were barred from bringing an action for affirmative relief. However, we find such statutory bar does not preclude appellants from using these claims as a defense or from asserting a claim under the common law theory of recoupment. In Riley v. Montgomery (1984), the Ohio Supreme Court held: A claim which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common-law theory of recoupment, when the claim of the defendant arises out of the same transaction as the plaintiff's claim for relief, and when it is offered to reduce the plaintiff's right to relief.
Based upon the foregoing, any claims dismissed by the trial court on statute of limitation grounds may be used by appellants in their defense against appellee's claims against them and/or for recoupment to reduce appellee's right to relief should appellee prevail on any of his claims in the underlying complaint. Appellants' third assignment of error is overruled.
Hoffman, J. Gwin, P.J. and Wise, J. concur