DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Charles W. Keenan, was convicted in the Summit County Court of Common Pleas for seven counts of gross sexual imposition. This Court affirms the convictions, but reverses and remands the case for correction of an error in sentencing.
 I.
Keenan was a grandfather with regular interaction with his grandsons J.K. and M.K.[1] Between the ages of 5-8 for M.K. and 3-6 for J.K., the boys often spent the night at Keenan's Akron home.
On four occasions, M.K. was awakened by Keenan touching his penis. Fearful, M.K. feigned sleep. M.K. observed Keenan proceed to J.K.'s bed in the same room, reach under J.K.'s sweatpants, and rub the area of J.K.'s penis. Over the course of many sleepovers, Keenan touched J.K.'s penis on the outside and under his pants on more than ten occasions. Both M.K. and J.K., vulnerable and of tender years, were fearful of Keenan and never told him to stop. J.K. discontinued wearing pajamas, and instead wore jeans or his regular clothes to bed so as to frustrate and thwart Keenan's sexual abuse.
Keenan's acts came to light after M.K. and J.K. began to behave erratically. At age 4, J.K. rubbed his penis on the floor and resisted or refused to undress in front of anyone else. J.K. wet himself when at school. J.K. refused to wear sweatpants and instead insisted on wearing tight jeans. M.K. began to exhibit overly aggressive behavior, and was plagued by bad dreams.
M.K. and J.K. were referred to the Child Guidance Center for counseling. During emotional counseling sessions, the embarrassed and self-blaming boys disclosed the sexual abuse they suffered from Keenan.
Keenan was indicted for eight counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Keenan pled not guilty, and the case proceeded to a jury trial. The jury found Keenan guilty of the first seven counts of the indictment for gross sexual imposition, and not guilty of count eight.
Keenan timely appeals, asserting five assignments of error.
 II. Assignment of Error One The trial court erred to defendant-appellant Keenan's prejudice by excluding evidence that the alleged victims in this case had been sexually abused by another person. This ruling violated defendant-appellant Keenan's constitutional rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.
Keenan claims that he should have been permitted to offer evidence that M.K. and J.K. were previously sexually abused by their father, John Keenan. However, while the subject of a pre-trial motion, Keenan never sought the introduction of the evidence during trial.
This Court has previously resolved an analogous case:
 As a threshold matter, this Court finds that [the appellant] has not preserved his issue for our review. A motion in limine is a request for a preliminary order regarding the admissibility of evidence that a party believes may be improper or irrelevant. Riverside Methodist Hosp. Assn. v. Guthrie (1982), 3 Ohio App.3d 308, 310, 3 Ohio B. 355, 444 N.E.2d 1358. The purpose of a motion in limine is to alert the court and counsel of the nature of the evidence in order to remove discussion of the evidence from the presence of the jury until the appropriate time during trial when the court makes a ruling on its admissibility. Id. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial. State v. Maurer (1984), 15 Ohio St.3d 239, 259-260, 473 N.E.2d 768. In order for an appellate court to review the propriety of the exclusion of evidence, the party claiming prejudice must proffer into the record the substance of the excluded evidence. State v. Tait, 1997 Ohio App. LEXIS 383 (Jan. 29, 1997), Lorain App. No. 96CA006339, unreported. See, also, Evid, R, 103(A)(2). This enables the reviewing court to "determine whether or not the [ruling] of the trial court [was] prejudicial." Smith v. Rhodes (1903), 68 Ohio St. 500, 505, 68 N.E. 7.
Nurse Griffin Ins. Agency, Inc. v. Erie Ins. Group (Nov. 7, 2001), Summit App. No. 20460, unreported.
Since Keenan failed to seek the introduction of the evidence at trial, this Court need not review his claim of error on appeal. See Id. Accordingly, Keenan's first assignment of error is overruled.
 Assignment of Error Two The trial court committed plain error when it incorrectly sentenced defendant-appellant Keenan.
In counts one, two, three, five, six and seven of the indictment, Keenan's convictions were for actions that occurred before July 1, 1996. As such, Keenan's crimes pre-dated the criminal law reforms of Senate Bill 2 and its statutory scheme of definite sentences and enhanced terms of imprisonment for felonies of the third degree. See State v. Rush
(1998), 83 Ohio St.3d 53.
The trial court improperly sentenced Keenan under the new law, for an aggregate sentence of nine years. The state rightly concedes the error.
This Court reverses the sentence of the trial court as to counts one, two, three, five, six, and seven, and remands so that the trial court may sentence Keenan pursuant to the terms of the pre-July 1, 1996 version of R.C. 2929.11(D)(1). In so doing, this Court makes no commentary on the length of sentence to be imposed by the trial court on remand. Keenan's second assignment of error is sustained.
 Assignment of Error Three Defendant-appellant Keenan's due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, were violated when the evidence presented at the sexual offender classification hearing was insufficient to support a designation that defendant-appellant Keenan is a sexual predatory.
In order to be designated a sexual predator one must have been convicted of a sexually oriented offense and is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Keenan contends there was insufficient evidence to demonstrate his future likelihood to engage in sexually oriented offenses. This Court disagrees.
Keenan evinced a scheme for his lascivious and fell acts, waiting for his grandsons to be in a position of maximum vulnerability (i.e. asleep in his home) before violating them over and over again. The disregard and perversion of family ties, the manipulation of his authority figure position, the vast disparity in years between Keenan and his victim, and the repetition of the abuse with multiple victims, when viewed in the aggregate, provided an ample basis upon which the trial court could find Keenan to be a sexual predator by clear and convincing evidence. See R.C. 2950.09(B). See, e.g., State v. Malone (Feb. 28, 2001), Summit App. No. 20256, unreported.
Keenan's third assignment of error is overruled.
 Assignment of Error Four The trial court erred to the prejudice of defendant-appellant Keenan when it allowed the state's expert witness to testify to hearsay, when it allowed the state's expert witness to testify to the veracity and credibility of the alleged victims, and when it allowed the state's expert witness to give her expert opinion as to whether or not the victims had been sexually abused.
In his fourth assignment of error, Keenan in three instances claims that the testimony of Child Guidance Center psychologist Dr. Charel Khol presents reversible error. This Court disagrees.
First, Keenan claims Dr. Khol improperly testified as to the disclosures of abuse made by M.K. and J.K. during counseling sessions. This Court has been express that such statements are admissible at trial:
 Statements made during the course of a psychological examination for example, are admissible under Evid.R. 803(4), "provided that the purpose of the psychological examination is the diagnosis and treatment of the victim's psychological condition, rather than gathering evidence against the accused."
State v. Wilson (Apr. 1, 1998), Summit App. No. 18193, unreported, quoting State v. Vaughn (1995), 106 Ohio App.3d 775, 780. The disclosures by the boys at their counseling session, including details of duration and scope, and the identity of their abuser, were necessary for Dr. Khol to make appropriate treatment decisions for the boys' behavioral problems. Accordingly, the testimony was properly admitted.
Second, Keenan argues that Dr. Khol improperly vouched for the credibility of the children when she testified that many children who are abused take long periods of time before disclosing abuse. Dr. Khol's testimony was that the length of time it took for disclosure by the victims was a not a concern for the psychologist, as it was consistent with children who have been abused. Since Keenan failed to object to the answer, the claim is deemed waived. See State v. Fish (Sep. 16, 1992), Summit App. No. 15506, unreported.
Third, Keenan claims that Dr. Khol improperly concluded that the victims were sexually abused. Upon review, Dr. Khol merely testified that in her professional opinion M.K. and J.K. were victims of sexual abuse, and this testimony was properly admitted See State v. Boston (1989),46 Ohio St.2d 108, 129.
Lastly, Keenan claims that Dr. Khol's disclosure of the abuse suffered by J.K and M.K. was unfairly prejudicial and should have been suppressed. Since the disclosures by M.K. and J.K. to their psychologist bears the attendant indicia of reliability accorded communications between patient and doctor, and since the disclosures go to the heart of the matter, the inculpatory evidence against Keenan cannot be viewed as unfairly prejudicial. See Evid.R. 403(A).
Keenan's fourth assignment of error is overruled.
 Assignment of Error Five Defendant-appellant Keenan was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution during his trial and sentencing proceedings.
In this fifth assignment of error, Keenan contends that counsel's failure to object to certain testimony and to his sentence amounts to ineffective assistance of counsel. This Court disagrees. Strickland v.Washington (1984), 466 U.S. 668, 687, sets forth the two-part standard for determining when a conviction must be reversed upon a claim of ineffective assistance of counsel:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable.
In demonstrating prejudice to the defense, appellant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. See, also, State v. Seiber (1990), 56 Ohio St.3d 4, 11.
"[The] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstance, the challenged action `might be considered sound trial strategy.'" State v. Frazier (1991), 61 Ohio St.3d 247, 253, quotingStrickland, supra, at 689.
Keenan specifically claims that counsel should have: (1) objected to Dr. Khol's testimony regarding the veracity and credibility of the victims; (2) objected to Dr. Khol's testimony regarding the disclosures of abuse made by M.K. and J.K.; (3) objected to his sentence on counts one, two, three, five, six, and seven; and (4) failed to introduce evidence that the victims were sexually abused by their father. Applying the Strickland standard to the case at bar, appellant neither establishes a deficiency in his trial counsel's performance nor that there exists a reasonable probability that the outcome of his trial would have been different but for his counsel's deficient performance.
Turning to the first claim, Dr. Khol testified that drawn out disclosures of abuse are consistent with those who have been abused. This testimony is consonant with Dr. Khol's opinion that M.K. and J.K. were sexually abused. See, e.g., Boston, supra, at 129. Accordingly, counsel was not ineffective for failure to object.
Regarding Keenan's second claim, this Court has determined supra, in the fourth assignment of error, that the disclosures by the victims were admissible as statements for medical diagnosis and treatment. See Evid.R. 803(4). Accordingly, there is no demonstrable counsel error on this point.
On the third point, this Court has remanded the case for re-sentencing, meaning counsel has caused Keenan no prejudice.
Lastly, Ohio's rape shield law precluded counsel from introducing evidence alleging prior sexual abuse of M.K. and J.K. by their father. R.C. 2907.02(D) states, in part:
 Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial natures does not outweigh its probative value.
The alleged abuse by their father does not connote "evidence of the origin of semen, pregnancy or disease, or the victim's past sexual activity with the offender," and, therefore, was properly excluded. Id. See, e.g., State v. Lawhon (June 10, 1998), Muskingum App. No. CT97-023, unreported. Accordingly, that counsel did not attempt to introduce the evidence at trial, which was properly excluded by the trial court, caused Keenan no prejudice.
Keenan's fifth assignment of error is overruled.
Judgment reversed in part, affirmed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] In deference to privacy concerns, this Court omits the full names of the child victims from the opinion.